Battle, J.
 

 The instructions given by his Honor to the jury, that the plaiptiff could not recover upon the special contract, unless the saw-mill was built in a good and workmanlike manner, was undoubtedly correct, and we do not understand the counsel to object to it. But the counsel insists, that the plaintiff" had, by his contract, nothing to do with the cutting the race to carry off the water below the mill, and that his Honor erred, in- stating to the jury, that if it was cut improperly under his direction, he was in fault. It is true, that, by the terms of agreement, it was incumbent upon the defendant to cut such a race as would give proper operation and effect to the building and machinery, which the plaintiff had engaged to put up. It may be, that it was no part of the plaintiff’s duty to give any directions in relation to the length, breadth or depth of the race; but, having assumed to do so, and the defendant, by working according to his instructions, having assented to his assumption, he was in fault, if the instructions given were wrong.
 

 Having undertaken, though voluntarily and without compensation, the duty of an engineer for the defendant, he was bound, at least^for such skill as was necessary for the accomplishment of the work. Coggs v. Barnard, 2d Ld. Raym. 909. Brown v. Ray, 10 Ired. 72. See, also, Sm.
 
 *38
 
 Lead. Cases, 169. But be bad tbe right, if be found that tbe race was not cut sufficiently wide, to correct bis mistake, and call upon the defendant to make tbe requisite alterations, and so his Honor held. Upon tbe defendant’s refusing to do this, the plaintiff’s right to recover would have been unquestionable, had be proved that what bo required to be done, would have removed the only obstacle to tbe successful operation of tbe mill. But hero his case failed; for, ! bough testimony was offered on both sides, as to tbe. relative height of tbe water at tbe wheel, and at tbe point where it entered tbe creek from the race, it does not appear from tbe bill of exceptions, that any was offered to show', that, making tbe race wider, would Have removed tbe difficulty ; tbe wheel, as tbe plaintiff admitted, being bung too low. He could not recover upon the special contract, until he showed that be had fulfilled bis part of it, and that there was a breach of it, by tbe defendant.
 

 Failing on bis count, on tbe special contract, the plaintiff’s counsel insists, that he is entitled to recover on tbe common counts, for tbe materials furnished, and the work and labor done. But, unfortunately for him, tbe testimony is defective here also. To enable him to recover on these counts, be ought to have shown, that the house and machinery were received or used by the defendant, or were iu some way bene.ficial to him. Dover v. Plimmons, 10 Ired. 23, citing Ellis v. Hamlin, 3 Taunt 52, 1 Leigh N.P. 77.
 

 The testimony in this case, so far from showing that the saw-mill had been received or used by the defendant, or was of any value to him, proved rather the contrary, that lio said lie was told the work was worth nothing, and added that he should do nothing more with it. Wo think, therefore, that the plaintiff was not entitled to recover upon either of the counts of his declaration, and the judgment must be affirmed.
 

 Judgment affirmed.