January Term,
1862.

COLBY VS. THE TOWN OF FRANKLIN.

COLBY
v.
THE TOWN OF
FRANKLIN.

Where a contract entered into with the supervisors of a town for the performance of work, provides that the work shall be paid for when completed and accepted by the supervisors, those officers may bind the town by waiving a departure from the precise terms of the contract, or accepting the work as it was in fact performed.

The complaint in this case alleged that the work had been fully completed and accepted by the supervisors. The proof did not show that the work had been completed in strict accordance with the contract, and the court below sustained the defendant's motion for a non-suit, on the ground that there was no proof that the work had been *accepted*; but before judgment was entered on that motion, the plaintiff, by leave, amended his complaint by striking out the allegation of the acceptance of the work; and the court thereupon gave judgment of non-suit because the complaint was insufficient. *Held*, that the evidence tending to show an acceptance of the work by the supervisors was sufficient to go to the jury; and that the non-suit was erroneously granted.

APPEAL from the County Court of *Milwaukee* County.

Action upon a contract by which the plaintiff and one Lyon agreed with the "supervisors of the town of Franklin," to fill up and grade a ravine, according to certain specifications, for which the latter agreed to pay a certain sum when the work on said grade should be begun, and a certain other sum when the work should "be completed and accepted by the supervisors aforesaid." The complaint alleged that the plaintiff and Lyon had performed the work according to the terms of the contract; that the work had been accepted by the supervisors of the town; that the sum which was to be paid at the completion and acceptance of the work, was unpaid; and that Lyon had assigned his rights under the contract to the plaintiff. The making of the contract was admitted, and the other allegations denied by the answer.

The evidence, so far as material to an understanding of the points decided, is stated in the opinion of the court.

After the plaintiff's evidence was closed, the defendant moved for a non-suit, and the court sustained the motion, on the ground that the plaintiff had failed to prove that the work had been accepted by the supervisors of the town; but before the judgment of non-suit was entered, the plaintiff mov-

January Term, 1862.

COLBY
v.
THE TOWN OF FRANKLIN.

ed for leave to amend the complaint by striking out the allegation " that said work had been accepted by the supervisors of the town of Franklin." The court allowed the amendment, and thereupon ruled that the allegation so stricken out was a necessary one, and that a judgment of non-suit must be granted. To these opinions and rulings the plaintiff excepted.

*L. Wyman* and *D. G. Rogers*, for appellant, contended that there was testimony tending to show that the work had been accepted by the supervisors, which ought to have been permitted to go to the jury; and that the allegation that the work was accepted by the supervisors was immaterial, because there was no covenant by the plaintiff to do the work to their acceptance, and because an agreement to do the work to the satisfaction of the *supervisors* would have been simply an agreement to do it to the satisfaction of the *town*, and where work is to be done to the satisfaction of one of the *parties* to the contract, if it is done as agreed, the party is bound to be satisfied. *Butler vs. Tucker*, 24 Wend., 449.

*Smith & Salomon*, for respondent, argued, among other things, that the work had not been performed according to the terms of the contract; that there had been no acceptance of the work—the two supervisors who examined it refusing to accept it, for the reason, among others, that the third supervisor was not present; that the allegation of an acceptance by the supervisors, or the averment of facts sufficient to do away with the necessity of an acceptance, was necessary, to make the complaint a good one ; and that when the allegation of acceptance was struck out on the plaintiff's own motion, the complaint failed to show a cause of action. 7 Wis., 516, and cases there cited. *Smith vs. Briggs*, 3 Denio, 373 ; 1 Story on Contracts, 532 ; 11 Wis., 107, 111; 1 Parsons on Con., 542 ; 2 Smith's Lead Cas. (Ed. 1852), 25–27, 39, 41.

May 15.     *By the Court*, COLE, J. We think the non-suit in this case was improperly granted. There was testimony sufficient to go to the jury, not only that the supervisors of the town waived the completion of the work according to the precise terms of the contract, but further that they agreed to

accept the work as it had been performed. There can be no doubt but it was competent for the supervisors, in behalf of the town, to waive any departure from the specifications in the contract. They were the agents of the town, duly author- ized to act and speak for it in that behalf. So that the grade might be less than 200 feet long, or the cuts in the hills each side the ravine not as wide as the contract called for; still if the supervisors concluded to accept of the work in that condition, they could most certainly do so, and bind the town. The contract was one between the town, acting through its supervisors, and Lyon and *Colby*. When the work was completed, it was to be accepted by the town acting through the same agents.

It is suggested on the brief of the counsel for the respondent, that the supervisors mentioned in the contract acted in the character of umpires between the contractors and the town, and their acceptance was a condition precedent to their right to recover for the price of the work, and must consequently be alleged and proved. This we deem an erroneous view of the contract. The agreement was one between the contractors and the town. When the work was done, it was to be accepted by the town acting by and through its supervisors, whosoever they might be, and not by the particular individuals named in the contract. So the case is not analogous to one where a person agrees with another to do a piece of work in a particular manner to the satisfaction of a third person, who thereby becomes the agent of both parties for the purpose of accepting the work. And when, in this case, the work was accepted by the supervisors, it was accepted by the *town*, or by the party of the first part.

That there was testimony in the case tending to show that the work was accepted by the supervisors, is clear. The appellant himself testified, that in May, 1860, he and the man who had done the work, Lyon, and two of the supervisors, were present and measured the work. He says : " The supervisors first objected because the cuts in the hill each side the ravine, were not as wide as the contract called for, but after discussing the matter, they came to the conclusion that it was better as it was," &c. Again he adds : " At one end of

the road we found a small hole, where some one had dug out sand, about which they (the supervisors) found some fault at first, but finally *concluded that it was all right.*"

Again, the witness John Kappen testified in substance, that he was present in the spring when the work was examined by the two supervisors, Egan and Gates; that the supervisors measured the width of the road, and found it 14 feet in the narrowest place on the top; they thought it was high enough. Egan said, " *Colby,* I have nothing against the work, but you must wait a little for your money," &c.

There is other testimony to the same effect. Therefore, although the work was not completed in strict accordance with the terms of the contract, we still think that there was proof sufficient to go to the jury, tending to show that the supervisors, on behalf of the town, waived the deviations from the contract, and accepted the work as it was.

The judgment of non-suit must therefore be set aside, and a new trial ordered.