WILLIAM H. PHELPS v. HENRY BEEBE.

*Building contract—Non-completion—Measure of damages.*

In a suit by a contractor upon a non-apportionable building contract not fully performed, the measure of damages is what the building is reasonably worth in the condition in which it is turned over to the defendant, not exceeding the contract price, less the reasonable cost of completing it in accordance with the contract. *Allen v. McKibbin*, 5 Mich. 449; *Wildey v. School-dist.*, 25 Id. 426.

Error to Alpena.  (Emerick, J.)  Argued June 28, 1888. Decided October 12, 1888.

*Assumpsit.*  Defendant brings error.  Reversed.  The facts are stated in the opinion.

*Turnbull & Dafoe,* for appellant, contended for rule of damages laid down in the opinion.

*R. J. Kelley,* for plaintiff.

LONG, J.  This action of *assumpsit* was brought by plaintiff in the circuit court for the county of Alpena to

recover a balance claimed to be due on a written contract between himself and defendant for the furnishing of materials and the building of two brick stores on defendant's land in the city of Alpena. The contract was dated April 24, 1884, and provided, in substance, as follows :

1. The plaintiff was to furnish all materials (except Beebe was to pay difference between plate and ordinary glass, and to furnish grating over cellar windows), build and construct two brick stores in block 76, on defendant's land, facing Dock street, according to a certain plan known as the "Smith Plan," except as therein otherwise provided. Said two stores to be finished so as to present a front similar to the store occupied by Field & Gray. The basement wall to be 18 inches thick, provided with suitable bond-timbers for furring out. Cellar bottoms to be finished with concrete and cement; cellar to each store to be ceiled overhead, etc. A suitable stairway from second story to ground to be built at rear, with platform six feet wide extending entire width of the two stores. Front to be furnished with plate-glass, but defendant to pay the difference between plate and ordinary glass.

2. The second story to be built according to plan.

3. All excavations to be made by defendant.

4. All wood-work to be well painted, etc. Entire work to be done in a good and workman-like manner; completely finished in accordance with Smith plan. No alterations or modification to be made unless assented to by each in writing.

5. For faithful performance of contract defendant agreed to pay $4,620.

Plaintiff recovered verdict and judgment for the sum of $934.54. Defendant brings the case to this Court by writ of error.

It appeared upon the trial that the "Smith Plan," so called, to which the contract refers, had become lost, and could not be produced, and parol evidence was given of its contents.

The plaintiff's claim in the case was that he fully performed the contract, and is entitled to recover the full

price agreed upon of $4,620; and that, in addition, he is entitled to recover for extra work not provided for in the contract, but which he performed under the direction of the defendant. Plaintiff admits payment on the contract of $4,166.94, and also an item of $205, received from Bolton & McRae, which plaintiff claims was for Bolton & McRae's half of the party-wall. The extra work plaintiff claims amounted to something over $500.

The contention on the part of the defendant is that plaintiff has not performed all the work required by the contract; that much of the extra work claimed for was not outside of and beyond the contract and plan; and that the $205 item for building the party-wall of the Bolton & McRae store adjoining his was an item for which he, defendant, should have credit upon the contract price; and that, aside from this party-wall, the plaintiff was to furnish material for and build the two stores for the sum of $4,400. Defendant claims to have made payments to the amount of $4,647, including the $205 which plaintiff received from Bolton & McRae.

Considerable testimony was taken on the trial, several witnesses being examined upon the questions in controversy. Plaintiff and defendant were each called, and gave testimony. At the close of the testimony, the court, among other things, instructed the jury as follows:

"1. Was there a substantial compliance with, and completion of, the contract by the plaintiff?

"2. Were these various items for which he charges as extra work outside of and beyond the requirements made by the plan and by the contract?

"There is where the case hinges. In the first place, gentlemen, you must determine whether the plaintiff has complied substantially with the contract. If he has, then he would be entitled to recover the contract price, less what has been paid. In determining whether he has complied substantially with the contract in building these two stores, you have reference and you are remitted to

the evidence in the case upon that point, and to the points in which the defendant claims he has not.

"You will remember the points in which the defendant has attempted to show defects in the completion of this building in accordance with the contract and plans. A part of these are the basement floors, some defects in the painting, some shortcomings in the casings in the basement of the stores, and also around the front windows and the base-boards. You have heard read the requirements of the contract that the wood-work was to be well painted with two coats, and the floors in the basement were to be concrete and cement; and it is for you to say from the evidence in the case whether the work that the plaintiff did was in substantial compliance with the terms of the contract in these particulars. So it is for you to say whether the failure to put in the base-boards in the stores was in substantial compliance with the contract.

"If you find that the plaintiff has substantially completed the contract in this case in these particulars, the plaintiff would be entitled to recover the contract price provided in this contract, subject to a reduction of what has been paid by the defendant. On the other hand, if you find that the plaintiff has been so deficient in the execution of these requirements of the contract that he has failed to comply substantially with his contract, then he would not be entitled to recover the contract price, but he would be entitled to recover what the building, as he turned it over to Mr. Beebe with these shortcomings which you find to exist, would be reasonably worth; that is, what the building, so far as the work done upon it was provided for by the contract, would be reasonably worth.

"I do not know as I make myself entirely clear upon that point. I will repeat it again: That, if you find that the defects which have been pointed out in the evidence in this case show a substantial failure upon the part of the plaintiff to comply with the requirements of the contract and the plan, still, the plaintiff would be entitled to recover, for work done under the contract, what that work in the condition in which he left it would be reasonably worth. Of course, if he had done extras outside of and beyond the contract, he would be entitled to recover what it is reasonably worth. But if you find that the plaintiff failed to comply with the requirements of the contract, and you proceed to determine by your verdict

what the work required by the contract in the. condition in which he turned it .over was reasonably worth, you could not give him any more than the contract provides for doing the work in any event."

Error is assigned upon this rule of damages as laid down by the court. We think the rule correctly stated, so far as it went; but that the court omitted an important element in the measure of recovery. The contract was not apportionable. It was an entirety. The completion of the contract by the defendant might cost a considerable sum of money; and, while the plaintiff should be permitted to recover in the action what the building was reasonably worth in the condition in which he turned it over, yet such recovery must be limited to the contract price, less what it would reasonably cost to complete them in accordance with the contract.

In *Allen v. McKibbin,* 5 Mich. 455, Mr. Justice CAMP-BELL says:

" The defaulting plaintiff can in no case recover more than the contract price, and cannot recover that if his work is not reasonably worth it, or if by paying it the rest of the work will cost the defendant more than if the whole had been completed under the contract. The party in default can never gain by his default, and the other party can never be permitted to lose by it; and the price thus determined is the true amount recoverable on a *quantum meruit.*"

This rule was followed and approved in *Wildey v. School-dist.,* 25 Mich. 426.

Error is also assigned upon the ruling of the court in reference to the item of $205 paid plaintiff by Bolton & McRae. The court charged the jury as follows:

" Considerable evidence has been taken in the case in reference to a $205 item; and in this bill that the defendant has rendered here, he has charged Mr. Phelps with the $205, which he gave by an order which he drew on Bolton & McRae. The plaintiff is not claiming for that

item in this case, and the defendant, Mr. Beebe, is not entitled to it. I let it go upon the record squarely and fairly that the parties may have the advantage of an absolutely correct decision hereafter, either here or somewhere else. It is a matter you have nothing to do with, except as this bill of Mr. Beebe comes to you; and that amount will have to be deducted from what he claims as payment."

It appears that on May 8, 1884, about 15 days after the contract for the erection of defendant's building was entered into between the parties to this suit, Bolton & McRae proposed to erect a building adjoining these stores, and entered into a written contract with plaintiff and defendant of that date, agreeing that if plaintiff and defendant would build the whole of the party-wall between the buildings to be erected, and furnish materials therefor, they (Bolton & McRae) would pay the parties for the one-half thereof the sum of $205. This contract was signed by Bolton & McRae of the one part, and by William H. Phelps and Henry Beebe of the other part.

It is claimed by the plaintiff, and no contention is made upon it, that he furnished the materials and did the work for this and half of the party-wall, and that it had no reference to his contract with the defendant; that it was a separate and independent contract, for which he had been paid by Bolton & McRae; and that the defendant had no right to deduct that amount as a payment under this contract on his (defendant's) building.

It is contended on the part of the defendant that the building of this party-wall was to be taken into account on his contract; that he had a private agreement with the plaintiff that his buildings should be erected and completed for $4,400. On his cross-examination, however, the defendant testified:

" Q. What I want to know is, who paid Phelps for building that party-wall?

"*A.* Bolton & McRae; and that should be deducted from my payments.

"*Q.* Now you get right down to it right. It should either be deducted from that amount, or it should be credited to Mr. Phelps?

"*A.* If Mr. Phelps charges me with $205 for building that wall, why should I not have it charged?

"*Q.* That is what I am getting at. It is a stand-off; but you haven't made it so here. When you charge it to him he should charge it to you, and that would be just a stand-off?

"*A.* Yes, sir."

We find no error in the charge of the court upon the item of $205. From the defendant's own testimony it appears that this one-half of the party-wall was built by plaintiff, and he was only charging that item in his account because the plaintiff had charged it to him in his account. It appears that the plaintiff made no charge to the defendant for it, but had looked to Bolton & McRae for it, and they had paid it; and we think the court very properly directed the jury to deduct that item from defendant's claim of payments.

We find no other error in the case. The case went to the jury under a very fair and impartial charge of the court, except as we have noted on the question of damages.

The judgment of the court below must be reversed, with costs, and a new trial ordered.

The other Justices concurred.