STROME *v.* LYON.

1. BUILDING CONTRACT—PERFORMANCE—COMMON COUNTS.
   Where a contract for the construction of a building has
   been substantially performed, the contract price may be
   recovered in an action on the common counts.

2. SAME—ESTOPPEL.
   One who accepts a building as in compliance with the
   contract for its erection is estopped to assert a noncompliance
   therewith when sued for the contract price.

Error to Kalamazoo; Buck, J. Submitted October 22,
1896. Decided November 17, 1896.

*Assumpsit* by Emanuel C. Strome against Lucius V.
Lyon to recover a balance due upon a building contract.
From a judgment for plaintiff, defendant brings error.
Affirmed.

*Alfred S. Frost* (*Frank E. Knappen*, of counsel), for
appellant.

*Jesse R. Cropsey* and *Boudeman & Adams*, for ap-
pellee.

GRANT, J. Plaintiff sued to recover a balance due
upon a written contract by which he agreed to erect a
house for the defendant, and also for extra work and ma-
terial. The balance unpaid on the contract was $93; the
extra work and material, $43. The jury found for the
plaintiff for the entire amount. The defense was that
the contract was not complied with in three particulars:
(1) That the work was not finished; (2) that the plaster-
ing was not done according to the contract, or in a good
and workmanlike manner; and (3) that the woodwork
was not finished with two coats of oil, as specified.

The principal objection urged is that plaintiff did not perform his part of the contract, and therefore cannot maintain an action upon the common counts. Plaintiff testified that he performed the work; that the building was turned over to, and accepted by, the defendant; that he made no objection; that he expressed himself satisfied, and repeatedly promised to pay. On cross-examination plaintiff admitted that a few square feet around one door were not given the last coat of paint as required by the contract, the cost of finishing which would be 10 or 15 cents. He also explained why this was not done. His testimony also tended to establish the fact that the change of plastering was made at the defendant's request, after the contract was made, and that the inside woodwork was finished according to the contract. The defendant gave notice of recoupment, and the court instructed the jury that, if they found that the work was not done according to the contract, the defendant was entitled to recover such damages as he had suffered.

The claim of the defendant that plaintiff cannot maintain this form of action because he had not completed the contract cannot be sustained. The jury evidently found that plaintiff had substantially complied with it, and that defendant had accepted it. If defendant accepted the work without objection, and expressed himself satisfied therewith, he is now estopped to deny the full execution of the contract. The charge of the learned circuit judge was full and fair, and left the jury to determine all the questions involved, and the testimony was ample to sustain the verdict.

Several questions were raised upon the admissibility of evidence, which we do not think it important to consider. The rulings of the court in this respect were correct.

Judgment affirmed.

The other Justices concurred.