RUSSELL and NICHOLSON v. COMMISSIONERS OF IREDELL COUNTY.

(Decided December 13, 1898 )

*Contract—Performance.*

1. What is a contract and its effect, when the terms are clear, whether written or oral, is a question of law.

2. Whether there has been substantial compliance is a question of fact for the jury under proper instructions from the Court.

CIVIL ACTION for stipulated price, $100 for building a County bridge, tried on appeal from Justices' Court, before *Allen, J.,* at August Term, 1898, of Superior Court of IREDELL County.

The plaintiffs claimed that they had built the bridge according to contract and were entitled to the contract price.

The defendants deny that the bridge was completed according to contract, and plead a counter-claim, by way of damages, of $40.

Two issues were submitted by the Court:

1. Was the bridge built substantially according to the plans and specifications agreed on?

2. If not, what damage has the defendants sustained?

The evidence was conflicting.

His Honor charged the jury:

"I shall leave the question with the jury as to whether the bridge was built substantially according to the contract."

"It was not so much a question as to whether it was a good bridge, but is it a substantial compliance with the terms agreed on in quality and kind? If it is so far different from the contract, as not to answer the purpose for which it was intended, the plaintiffs could not recover."

The defendants excepted.

Verdict: *Yes,* on the 1st issue.

Judgment for plaintiffs for contract price.

Appeal by defendants.


*Messrs. B. F. Long* and *Armfield & Turner,* for defendants (appellants).

No counsel, *contra.*

FAIRCLOTH, C. J.: This case concerns the building of a bridge. The defendants ordered the supervisors of Statesville Township to get up plans and specifications and let out the building of a bridge to the lowest bidder across the Salisbury branch on the Salisbury road, which was done and the plaintiffs were the lowest bidders and got the contract at $100.

The Chairman of the Board of Supervisors testified that "the bridge has been completed and not paid for. It was completed as early as could be. The bridge was and is being used by the public, and did immediately after it was finished. I had plans prepared. There is no variation in the building with one exception. The plan was to let plank project three feet. Instead of that, I asked them to have it bolted to the abutments —to the foundation that made it more stable and firm. It required no more labor, but additional expense of both. It was a substantial compliance with the plans and specifications. . . . Plans called for mud-sills to be two feet below the water. Don't think it is quite two feet; it goes to the rock, to a solid foundation." The plaintiffs testified that he built it according to contract. Both parties introduced other evidence and witnesses tending to sustain their contentions. The Court submitted this issue, "Was the bridge built substantially according to the plans and specifications agreed to?" which the jury answered "yes" and that plaintiffs are entitled to the contract price. There was judgment accordingly.

His Honor charged the jury: "I shall leave the question with the jury as to whether the bridge was built substantially according to the contract . . . . ; that it was not so much a question as to whether it was a good bridge, but is it a substantial compliance with the terms

agreed on, in quality and kind." He also charged that if it is so far different from the contract as not to answer the purpose for which it was intended, the plaintiffs could not recover.

The defendants filed exceptions to the evidence, to the issue, to the charge and to the judgment, but their real contention is that the Court erred in leaving the question of substantial compliance with the jury.

What is a contract and the effect of a contract, when the terms are clear, from which only conclusion can be drawn, whether written or oral is a question of law; but whether the contract has been performed, when the evidence is conflicting, is a different question. Whether substantial compliance has occurred under proper instructions of the Court, we think is a question of fact for the jury.

Looking at the findings and the charge, under the rules above stated, we see no error and think substantial justice has been done, and it will be so certified.

Affirmed.