GEORGE E. PITCHER *vs.* THE CHRIST CHURCH (EPIS-
COPAL) CORPORATION.

Second Judicial District, Norwich, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

In an action to recover for work and labor under a special contract,
the defendant pleaded, and the plaintiff admitted, that the work
had not been completed as agreed, and the court so found. *Held*
that upon such pleadings and finding the plaintiff was not entitled
to a judgment for anything, even if he might have recovered the
value of such services as he had actually rendered upon a complaint
adapted to that end.

Argued April 27th—decided June 14th, 1910.

ACTION by an assignee of a claim for work and la-
bor done and material furnished pursuant to contract,
brought to and tried by the Court of Common Pleas
in New London County, *Waller, J.;* facts found and
judgment rendered for the plaintiff, and appeal by the
defendant. *Error and cause remanded.*

*Charles L. Stewart,* for the appellant (defendant).

*John H. Barnes,* for the appellee (plaintiff).

HALL, C. J. The complaint alleged that in Decem-
ber, 1906, John Paracenti & Company contracted to per-
form certain work for the defendant for $175, to be
paid when the contract was completed; that the con-
tract was performed and the work completed by Para-
centi & Company about February 1st, 1907; that the
$175 then became due them by reason of the completion
of the work; that in January, 1909, Paracenti & Com-
pany assigned their claim of $175 "due them under

and by virtue of the said contract to this plaintiff"; and that the defendant, after due notice of the assignment and demand by plaintiff of "the amount due him under and by virtue of said contract," refused to pay the same.

The answer admitted the making of the contract, and alleged in paragraph 4 that before its performance one A. N. Carpenter brought suit against Paracenti & Company for $1,000, and garnisheed this defendant; that said suit was still pending; and alleged that Paracenti & Company had ever since refused to complete said work though requested by the defendant.

The reply not only admitted paragraph 4 of the answer, but expressly alleged that, when the garnishee process was served upon the defendant, the defendant was not indebted to Paracenti & Company, and also denied the averment of the answer that Paracenti & Company had never completed the work.

In the finding of facts the trial court says that when the garnishee process was served upon this defendant, September 19th, 1907, Paracenti & Company "had substantially complied with the terms of said contract with the defendant" and had completed the work, with the exception of certain work the value of the labor and material required to perform which was about $15; that Paracenti & Company performed no further work under their contract after the service upon the defendant of the garnishee process; that "it did not appear in evidence why said Paracenti & Company failed to fully perform said contract"; that on or about the 20th of October, 1907, the defendant notified Paracenti & Company to complete said contract; and that afterward A. N. Carpenter completed the work under an agreement with the defendant with which Paracenti & Company had nothing to do.

Paragraphs 3 and 4 of the defendant's draft-finding,

which the trial judge has marked "proven," state that "the said John Paracenti & Company never completed the work which they were to do under said contract, and in order to complete said contract it would have been necessary to expend thereon labor and materials to the value of $15. The plaintiff failed to show, and it did not appear, why said Paracenti & Company did not complete said contract."

Upon these facts and pleadings the trial court rendered judgment for the plaintiff for $160 and costs, and stated in its memorandum of decision that execution would be stayed during the continuance of the foreign attachment lien.

This decision was erroneous. This is an action upon a special contract alleged to have been performed by Paracenti & Company. It is not a suit to recover the value of the services rendered by Paracenti & Company. The plaintiff's reply expressly admits that the contract had not been performed at the time the defendant was garnisheed, on the 19th of September, 1907, and further avers that the defendant was not then indebted to Paracenti & Company; and it further appears that neither Paracenti & Company nor this plaintiff, nor any one in behalf of either of them, have since performed any work on the contract. Apparently the plaintiff thought it was for his interest to plead that there was nothing due Paracenti & Company when the defendant was garnisheed. The defendant was entitled to have the judgment conform to such pleadings.

If, upon a different complaint and pleadings, the plaintiff, upon the facts found, might have recovered a judgment, subject to the foreign attachment lien, for the value of the services actually rendered by Paracenti & Company and accepted by the defendant, he was not entitled to such a judgment upon the present complaint and pleadings.

There is error, and the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.