SALVATOR CHARIOTT vs. JOHN McMULLEN.

Third Judicial District, New Haven, June Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

The strict, literal performance of a building or construction contract in every detail is not essential to enable the contractor to recover upon it. It is sufficient if the contractor, acting in good faith and intending and attempting to fulfil the contract, has substantially performed it, notwithstanding the existence of slight and trivial defects or deviations for which deductions can be made in the contract price.

One of the roads contracted for upon the defendant's place was not as wide as called for by the plans and specifications, nor was the material used, or the method and manner of construction, all that the contract required; but it was of practical value to the defendant, who knew of what was being done, and was approved, after a slight addition of top dressing, by a civil engineer who inspected the work at the defendant's request. The cost of the road, as built, to the plaintiff, was not materially less than the cost of such a road as the contract contemplated, and in its construction he acted in good faith. *Held* that under these circumstances the defendant would not be permitted to retain the benefits of the contract and at the same time repudiate its burdens or obligations.

Questions not raised or decided in the court below cannot properly be urged in this court on appeal.

An assignment of error which is not supported by the record presents nothing for the consideration of this court.

Argued June 13th—decided December 19th, 1911.

ACTION to recover an alleged balance due on a contract for the improvement of the defendant's premises, and also the reasonable worth or value of extra work and labor, brought to the Superior Court in Fairfield County and referred to a committee who heard the parties and reported the facts; the court, *Williams, J.*, overruled a remonstrance of the defendant, accepted the report of the committee, and rendered judgment for the plaintiff for $5,153, from which the defendant appealed. *No error*.

*John H. Light*, for the appellant (defendant).

*Stiles Judson*, with whom was *John J. Cuneo*, for the appellee (plaintiff).

RORABACK, J. This action was brought to recover a balance alleged to be due the plaintiff from the defendant upon a contract dated May 14th, 1907, for the construction of a sea-wall, building roads, and for grading. The plaintiff alleged performance of the contract, admitted the payment of $6,800 on account, and claimed to recover a balance of about $6,000, which included the sum of $4,000 alleged and claimed to be due for extra work.

The defendant denied the performance of the contract, and the performance of extra work, and then, by way of counterclaim, alleged damages in the sum of $6,000 for nonperformance of the contract in several particulars.

Edwin L. Scofield, the committee to whom the action was referred, after making a specific finding of facts, stated that he had reached the following conclusions: "Upon the facts aforesaid, it is found that said contract of May 14th, 1907, was substantially performed by the plaintiff. If upon the foregoing facts the engineer, Minor, under the provisions in said contract, was authorized to interpret the plans and specifications as requiring no gutter on the inside of the shore road, then there is due and owing from the defendant to the plaintiff on account of said contract the sum of $2,145; otherwise there is due and owing to him the sum of $1,976.20. Upon the facts aforesaid there is due and owing from the defendant to the plaintiff for extra work (work aside and apart from that required to be done under the contract) done by the plaintiff for the defendant, the sum of $2,186.85."

The defendant moved to recommit the report for the finding of additional facts, and the report was sent back to the committee. The committee having filed a supplemental report, the defendant made another motion to recommit, which was denied. A remonstrance to the acceptance of the report was then filed which was overruled. Judgment was then rendered for the plaintiff to recover of the defendant as stated.

The third assignment of error charges that there was error in holding, on the facts found, that the contract described in the complaint had been substantially performed by the plaintiff. The plaintiff entered into a written contract to do all the work connected with the improvement of the defendant's property "in strict accordance with the plans, specifications and directions of H. R. Minor, C. E." In order to recover he must show that the contract had been substantially performed. It was not necessary that he should be able to show literal performance of the work in every detail according to the plans and specifications, as a condition precedent to a recovery. *West* v. *Suda,* 69 Conn. 60, 63, 36 Atl. 1015. It is sufficient if the party bound to perform, acting in good faith, and intending and attempting to perform his contract, does so substantially. When this has been done, he may recover for his work, notwithstanding slight and trivial defects in his performance for which compensation may be made by an allowance to the other party. *Woodward* v. *Fuller,* 80 N. Y. 312, 317. The committee finds that the plaintiff has not completed the work in question in strict compliance with some of the requirements of the contract, but has deviated and departed from it in certain particulars which he specifies. Without enumerating them, it is enough for the present purposes to say that these deviations were either allowed for, being inconsiderable, or were approved of as the work

progressed, and at its termination, by the engineer Minor, in a letter to the defendant, which is as follows: "Henry Rossitor Minor, Civil Engineer, So. Norwalk, Conn., Oct. 10th, 1907. Mr. John McMullen, New York City. Dear Sir: Mr. Chariott has completed his entire job to my entire satisfaction, and for the last few days I have been going over the work in detail, and now submit a final and complete estimate of the work done and amount due the contractor. I also enclose to you my bill in detail for the additional work you have had me do outside of the original contract. Yours truly, Henry Rossitor Minor, C. E. Civil Engineer."

The defendant places special emphasis upon the failure of the plaintiff to complete the "shore-road," so-called, according to the requirements of the contract. In this connection the record discloses that the shore road was not constructed in the manner called for by the plans and specifications, in that throughout its entire length it was not of the specified width, and at the westerly end stones of the required size were not used in the foundation; the dressing material, consisting of gravel and loam, of the road above the foundation, was not of the proportions, nor was it laid in the manner, nor was it of the depth, called for by the plans and specifications. The width of the road as constructed; the stones used in the foundation, and the manner of laying them; the dressing material provided, and its proportion in mixture, gravel and loam, and the manner of laying it, and its depth throughout the whole length of the road, were approved of as the work progressed, and at its termination, by the engineer. While the work was in progress the defendant was occasionally upon the premises during a part of the time, being there from Friday nights to Monday mornings, and at other times not so frequently. He was

VOL. LXXXIV—45

familiar with the kind and character of the work required to be done in the construction of this road, knew of what was being done, and, with but one objection, permitted the work to go forward.  A short time prior to the completion of the road the defendant employed one Linnell, a civil engineer, and a person fully conversant with road construction and with the requirements of the contract in suit, to represent him in an inspection of the work that had been and was then being done by the plaintiff, and to approve or disapprove of the same.  An inspection was made by Linnell, and he, in the defendant's behalf, suggested some slight additions to be made in the top dressing of the road.  These additions were made by the plaintiff, and Linnell then approved of the work that had been done by the plaintiff in the construction of this road. The road as constructed was one of practical value to the defendant.  Its cost to the plaintiff was not materially less than the cost of such a road as the contract called for and the parties contemplated when the contract was made.  It appears, therefore, that these changes in the contract complained of were made with the approval of the defendant's engineer; the plaintiff acted in good faith and did not profit by the changes; the defendant has received and will retain the benefits of a substantial performance of the agreement, knowing of the departure from its original terms, and through his representatives has finally accepted and approved of the work.  Under such circumstances the defendant should not be permitted to retain the benefits and repudiate the burdens of the contract.  *Wiley* v. *Athol*, 150 Mass. 426, 435, 23 N. E. 311; *Jones & Hotchkiss Co.* v. *Davenport*, 74 Conn. 418, 420, 421, 50 Atl. 1028.  See *Foeller* v. *Heintz*, 24 L. R. A. (N. S.) 327 (137 Wis. 169, 118 N. W. 543), and cases cited.

 It is now urged that the case presented by the find-

ing of the committee, which was accepted by the Superior Court, varies from the complaint, in that the plaintiff alleged a full performance of the contract, while the facts found disclosed that there was only a partial performance. This claim might have been considered by the Superior Court if it had been properly made. *Pitcher* v. *Christ Church*, 83 Conn. 308, 76 Atl. 272; *Andrews* v. *Peck*, 83 Conn. 668, 78 Atl. 445.

One reason of appeal charges that there was error in overruling the remonstrance against the acceptance of the committee's report. It is alleged in the remonstrance that several facts relating to the issue as to the substantial performance of the contract, and tending to show departures therefrom, were established by the evidence. It is enough to say with regard to this objection that it is not supported by the record, in which no part of the evidence is given, and it does not appear that any offer was made to show what the evidence before the committee was. Assignments of error must be supported by the record. *Decker* v. *Mann*, 80 Conn. 86, 87, 66 Atl. 884.

The other reasons of appeal are either immaterial or involved in the ones already discussed.

There is no error.

In this opinion the other judges concurred.