## L. L. MOSS v. BEST KNITTING MILLS.

(Filed 9 December, 1925.)

**1. Evidence—Contracts—Breach—Experience.**

In an action by a contractor to recover the balance of the contract price for supervising and conducting the erection of a building, where the defendant pleads and offers evidence to show a breach thereof by plaintiff, defendant's evidence as to his experience is competent as to his skill and intelligence to perform his contract, as corroborative evidence of his denial of negligence and incompetence, though incompetent as to good character upon a charge of fraud, or as a defense in wrongful arrest.

**2. Same—Appeal and Error.**

Where evidence is competent in part, a broadside exception will not be sustained on appeal.

**3. Contracts—Performance—Evidence—Acceptance.**

Parol evidence is competent to prove that the owner of a building contracted to be erected, accepted the building with full knowledge of its

condition, where the contractor sues for the balance of the contract price, and the owner defends upon the ground that the plaintiff failed to erect the building as the contract required.

**4. Same—Waiver.**

Acceptance of a building under contract implies the owner's satisfaction therewith, and is a waiver of many rights.

**5. Evidence—Cross-Examination.**

The right of a party to cross-examine witness upon the trial, is among other things, to afford him protection against the conclusion of a witness which he has stated as a fact.

**6. Contracts—Damages—Evidence—Appeal and Error.**

Where a contractor to furnish labor and material and supervise construction of a building to be used as a yarn mill, sues to recover the balance due him under the contract: *Held,* under the facts in this case, evidence of defendant's loss from damage to yarns caused by a leak in the roof, etc., was properly excluded.

**7. Contracts—Buildings—Skill Required.**

It is the duty of the contractor for the erection of a building to use ordinary skill only in its construction, unless a greater degree of skill is specially provided for by the contract.

**8. Same—Substantial Performance—Damages.**

Where a contractor for the erection of a building has substantially complied with his contract, and the owner has accepted same, he is liable only as to minor details, under the contract in the instant case, the cost of putting the building in proper condition required by the contract.

Appeal by defendant from Catawba Superior Court. *Stack, J.*

Action to recover balance due on a building contract. From a judgment in favor of plaintiff, and that defendant take nothing on his counterclaim, defendant appealed. No error.

The parties admitted the contract in the pleadings as follows: "That the defendants being desirous of enlarging its manufacturing plant, contracted with the plaintiff to furnish the material and perform the work and agreed to pay the plaintiff the price of the labor and material plus ten per cent for his personal supervision." Plaintiff claimed a balance due on this contract, and defendant denied that plaintiff had performed the contract, and alleged damages on account of his failure to discharge his duty the defendant had suffered damages.

The jury returned the following verdict:

"1. In what amount, if any, is the defendant indebted to the plaintiff for labor, materials and supervision of work? Answer: $918.

"2. In what amount, if any, is plaintiff indebted to the defendant on its counterclaim? Answer: None."

*M. H. Yount and A. A. Whitener for plaintiff.*
*John C. Stroupe and Self & Bagby for defendant.*

Varser, J. The plaintiff contended that he had performed the contract on his part, with reasonable skill, and in a workman-like manner, and that whatever defects that may have later appeared, he offered, with dispatch, to remedy, and that all building, both as to labor and material, was done under the personal observation of one of defendant's owners, one Hollar, and that the building was, when completed, accepted, and payments made to him, and the reason first given for not paying the balance was that the defendant did not have enough money.

The defendant insisted that the work was done in a negligent manner and that plaintiff knew when he entered into the contract that the building, an addition to a knitting mill, was to be used for mill purposes, and that heavy and valuable machinery would be put therein. Defendant also contended that the wall gave way; the roof leaked and damage had resulted therefrom.

Defendant's first assignment of error is to the admission in evidence from plaintiff the statement "that he (plaintiff) does a volume of $125,000 worth of business a year."

Plaintiff is a building contractor. He further says: "I live at Hickory, N. C. I have lived there 39 years. My work during that time has been carpenter's work, and construction. In connection with this construction work, I run a lumber plant and planing mills. I do furnish the material for the houses I build."

The defendant's exception does not single out the statement as to volume of business. This is not evidence of good character as a defense to a charge of fraud (*Norris v. Stewart,* 105 N. C., 455; *Lumber Co. v. Atkinson,* 162 N. C., 298), nor as a defense in wrongful arrest (*Sigmon v. Shell,* 165 N. C., 582, 586), nor is it evidence of reputation as to skill and intelligence, as in case of a civil engineer who directed the building of a culvert (*Emry v. R. R.,* 102 N. C., 209, 227). It was not offered to prove good character or reputation. For that purpose it is clearly incompetent. We think, however, the evidence competent for the jury to consider in determining the weight to be given the plaintiff's testimony as to his performance of the contract. Experience frequently differentiates the probative value of one witness from that of another. It shows his "experiential capacity." Wigmore on Evidence, 2 ed., secs. 555 *et seq.*

Assignment No. 2 is to the admission of the testimony of plaintiff that Lon Hollar "accepted" the building, and to the charge giving plaintiff's contention that he put up the building and there was no "kick" on the material, and when he rendered his itemized statement, the prices were not objectionable to defendant. Lon Hollar was one of the owners of the defendant, in charge of its business. Acceptance may be thus proved: It is a fact, with a mental act of intent to receive as one's own,

or for the owner, as a compliance with the required duty of the offerer—here the builder. Black's Law Dict., 2 ed., 12. It may relate to a building, or personal property, or other thing which is offered actually or constructively. *Rodgers v. Phillips,* 40 N. Y., 524; *Snow v. Warner,* 10 Metcalf (Mass.), 132. Receiving the building was an acceptance in *Pipkin v. Robinson,* 48 N. C., 152. Acceptance may be expressed or implied from the conduct of the owner. *Cigar Co. v. Wall Paper Co.,* 164 Ala., 547, 560; *Walstron v. Construction Co.,* 161 Ala., 608, 618; *Walters v. Harvey,* 8 Del., 441; *Palmer v. Meridien,* 188 Ill., 508; *Bozarth v. Dudley,* 44 N. J. L., 304; *Otis Electric Co. v. Flanders Realty Co.,* 244 Pa., 186. The owner may by word, or act, or failure to act or speak, accept. *Walstron v. Construction Co., supra.* Whether it is an acceptance is generally a question of fact (*Gray v. James,* 128 Mass., 110; *Fuller v. Brown,* 67 N. H., 188; *Colby v. Franklin,* 15 Wis., 311), and therefore probable by parol evidence. The right of cross-examination is protection to the adverse party against a statement of a conclusion, and not a fact. The ruling as to evidence, and the charge are correct. Acceptance implies satisfaction and waives many rights. 9 C. J., 796.

The defendant's assignments of error 3 and 4, are directed to the court's refusal to admit evidence as to defendant's loss from damage to yarns due to a leak in the roof, waste of material and injury to machine on account of effect of sinking of building, and the loss of profits.

The contract was that plaintiff furnish labor and material and supervise construction. No architect's plans and specifications were had.

Lon Hollar testified: "I was there sometime during every day, that is, every day part of the time, and some days all day. I was manager of the mill. I am over the superintendent. I am the owner. I was there and saw the work going on and saw some of the material being used. I could have seen all of it. I saw the men that worked there. I saw when they came and what they were doing. Mr. Fry did the grading for the foundation for me. There was an old cesspool where the building is. Mr. Fry covered up the cesspool. There was concrete around it. I did not think that that would be liable to sink. Mr. Moss said he would fix that. Sure, I know it was there and knew they were covering it up. He (Mr. Fry) did the grading for me. That is where one of the pillars is that sank, but there are several other pillars that sank."

He further says: "After the building was completed and Mr. Moss left there, we moved the machinery in. I don't know what caused the roof to leak."

We do not think the contract and these facts present any legal basis for the testimony offered.

Moss *v.* KNITTING MILLS.

The court charged that it was plaintiff's duty to use ordinary skill in the construction and that if he failed in this respect, defendant would be entitled to recover the cost of putting the building in proper condition.

It is the duty of the builder to perform his work in a proper and workman-like manner (*Byerly v. Kepley,* 46 N. C., 35; *Electric Supply Co. v. Electric Light Co.,* 186 Mass., 449; *Gettis v. Cole,* 177 Mass., 584; *Smith v. Clark,* 58 Mo., 145; *Gwinnup v. Shies,* 161 Ind., 500; *Mayer Ice Machine Co. v. Van Voorhis,* 88 N. J. L., 7). This means that the work shall be done in an ordinarily skillful manner, as a skilled workman should do it (*Fitzgerald v. LaPorte,* 64 Ark., 34; *Ideal Heating Co. v. Kramer,* 127 Iowa, 137, 9 C. J., 750). There is an implied agreement such skill as is customary (*Somerby v. Tappan,* Wright (Ohio 229), will be used. In order to meet this requirement the law exacts ordinary care and skill only. *Doster v. Brown,* 25 Ga., 24; *Whitcomb, v. Roll,* 81 N. E., 106; *Ind. School Dist. v. Swearngin,* 119 Iowa, 702; *Peacock v. Gleesen,* 117 Iowa, 291 (only reasonable diligence in drilling well); *Hartford Co. v. Tobacco W. Co.* (Ky), 121 S. W., 477; *Giles v. Robinson,* 114 Maine, 552; *Cunningham v. Hall,* 4 Allen (Mass.), 268; *Holland v. Rhoades,* 56 Oreg., 206; *Fletcher v. Seekel,* 1 R. I., 267; *Stanton v. Dennis,* 64 Wash., 85. Manner of best builders not required in absence of specifications (*Blodgett Const. Co. v. Lumber Co.,* 129 La., 1057). Measured by the rule clearly deducible from the foregoing authorities, we hold that the challenged rulings of the trial court are correct.

Under instructions, free from error, the jury has necessarily found that plaintiff has performed his contract, both substantially and fully. The foundation was laid under defendant's observation and where he had excavated for it. If the old cesspool was not a proper place to put the wall foundation, the plaintiff could not be held liable therefor when he did not select the foundation site, but used the excavated foundation as selected and excavated by the defendant.

The instructions were not contradictory. The roof might leak, and the windows might not now fit properly, and the house may have sunk on account of the giving way of the soil where the old cesspool was, regardless of the skill and diligence of the plaintiff. This was the view submitted in the charge and the evidence supports this view.

The reasonable cost of the labor to remedy any defects for which plaintiff was responsible was the correct rule under the instant contract. The building had been taken and put to use by defendant. It was certainly substantial compliance on plaintiff's part on defendant's own testimony. *Poe v. Brevard,* 174 N. C., 710; *Pinches v. Church,* 55 Conn., 183; *Smith v. Gugerty,* 4 Barb. (N. Y.), 614; *Carroll v. Welch,* 26 Tex., 147; *Woodruff v. Hough,* 91 U. S., 596; *Mitchell v. Caplinger,* 97 Ark.,

278; *Connell v. Higgins,* 170 Cal., 541; *Chariott v. McMullen,* 84 Conn., 702; *Finegan & Co. v. L'Engle & Son,* 8 Fla., 413; *Erikson v. Ward,* 266 Ill., 259; *White v. Oliver,* 36 Maine, 92; *Hennessey v. Preston,* 219 Mass., 61; *Strome v. Lyon,* 110 Mich., 680; *Crouch v. Gurmann,* 134 N. Y., 45; *Russell v. Comrs.,* 123 N. C., 264; *Twitty v. M'Guire,* 7 N. C., 501.

This rule of "substantial compliance" is only applied when a builder has undesignedly violated the strict terms of his contract, and the owner has received and retained the benefit of the builder's labor and material, and the builder is ready to remedy. The defects must be trivial and slight, such as are covered by the maxim *de minimis non curat lex.* The owner is entitled to damages by reason of the failure to perform strictly. *Howie v. Rea,* 70 N. C., 559; *Crouch v. Gurmann, supra; Bergfores v. Caron,* 190 Mass., 168. His damages is the cost of material and labor (in the instant case labor only) in putting the structure in condition called for by the contract. Since no specific condition was called for in the contract sued on, a result such as ordinary care and skill in supervising would produce was contemplated. *Mitchell v. Caplinger, supra; Morehouse v. Bradley,* 80 Conn., 611; *Cullen v. Sears,* 112 Mass., 299; *Phelps v. Beebe,* 71 Mich., 554; *Crouch v. Gurmann, supra; Filbert v. Philadelphia,* 181 Pa., 530; *R. R. Co. v. Howard,* 13 How. (U. S.), 307; *Graves v. Allert & Fuess,* 142 S. W., 869, 39 L. R. A. (N. S.), 591, note.

The owner was advertent to the entire course of construction and the jury was within the evidence if it found the owner's consent applied to the causes of the defects.

We have examined all the exceptions and none of them show prejudicial error. The charge fairly presented every contention of the parties. The controversy was largely in the domain of fact. We find in the trial

No error.