JOHN J. HARTNEY *vs.* SVEN JOHNSON ET AL.

First Judicial District, Hartford, May Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 8th—decided June 22d, 1931.

*Donald Gaffney,* with whom was *Leo V. Gaffney,* for the appellant (defendant).

*Algert Politis,* with whom, on the brief, was *Harry Ginsberg,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action upon a special contract for the conveyance to him by the defendant of certain real estate. He alleged in his complaint the performance on his part of all his obligations under the contract which had become due and a readiness and willingness to carry out the rest of the agreement, the payment of certain sums under it, and a refusal of the defendant to perform; and he claimed damages. The trial court found that the plaintiff had broken the contract by failing to make the monthly payments called for in it, while the defendant had at all times been ready, able and willing to carry out its terms but nevertheless it gave judgment for the plaintiff to recover the amount he had paid to the defendant. Under the finding of the court as to the defendant's readiness, willingness and ability to perform, it is difficult to see any basis upon which the plaintiff could recover. 40 Yale Law Journal, 1016. But if there was such a right, it would have to be asserted in an action properly addressed to such a recovery. We cannot read the complaint before us otherwise than as one for damages for the defendant's breach of the contract and the plaintiff having himself broken it certainly was not entitled to recover in an action based upon it. *Pitcher* v. *Christ Church (Episcopal) Corporation,* 83 Conn. 308, 310, 76 Atl. 272; *Pratt* v. *Dunlap,* 85 Conn. 180, 82 Atl. 195; *Costantino* v. *Lodjiodice,* 93 Conn. 203, 209, 105 Atl. 465.

There is error, the judgment is set aside, and the case remanded with direction to enter judgment for the defendant.