[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought by the plaintiff seeking to foreclose a mechanic's lien which had been filed against real estate owned by the defendant, LER Associates, located in Milford, for unpaid services rendered and materials furnished in connection with paving a parking area.
On November 28, 1986, the defendant filed an Application for Discharge or Reduction of Mechanic's Lien. The plaintiff agreed to release the lien and lis pendens when the defendant established an escrow account with its attorney in the amount of $25,015.50, to be retained until a decision by the Court or further agreement of the parties.
On February 4, 1987, the plaintiff amended his complaint in order to proceed against the escrow account, pursuant to Connecticut General Statutes, Section 49-37. CT Page 6492
The defendant by its Answer, denied the material allegations of the plaintiff's Amended Complaint, and, in addition, filed a counterclaim seeking monetary damages for the plaintiff's failure to complete the work according to the plans and specifications.
Based on a preponderance of the evidence, the court finds the following facts proven:
On November 18, 1985, the plaintiff and the defendant, by its agent, The F. Tuthill Son Company, entered into a written contract which provided that the plaintiff was to supply four inches of processed stone and two inches of asphalt to pave a parking area according to plans; the defendant was to pay the sum of $25,015.50.
The plaintiff was to provide a base of approximately six to eight inches, constructed in two lifts as well as two courses of asphalt. The sub-base, was not prepared by the plaintiff.
The sub-base was inadequate for the purpose of plaintiff's work because it was muddy, wet, uneven and not graded properly. Recognizing the problems which these conditions could cause, the plaintiff negotiated a disclaimer provision which the defendant accepted. The disclaimer provided that: this job could not be guaranteed and that the plaintiff would not be responsible for any defects in paving due to the condition of the base. An inadequate sub-base has a substantial adverse effect on the paving job and affects subsequent measurements. Processed stone, when placed upon a muddy, uneven sub-base, sinks and causes later measurements to vary. In addition, the unevenness of a sub-base causes pockets of varying depths.
The total footage of the paved area was 24,980 square feet. The quantities of processed stone and asphalt delivered to the site were adequate to obtain the necessary coverages as set forth in the plans and specifications.
There were some deviations from the terms of the agreement. However, the measurements, as set forth by New Haven Testing Laboratory, Inc., were within the industry standards for deviation. The plaintiff's work conformed to the plans and specifications of the contract.
Any minor deviations in measurements were within the acceptable standards of deviation of the industry and according to sound engineering practices.
Plaintiff's paving job has lasted nearly six years, despite being a binder course, which ordinarily requires a second lift. There have been no flooding or drainage problems. The binder CT Page 6493 course of asphalt conforms in all respects to industry standards and engineering practices.
The plaintiff's bill was rendered to the defendant on November 25, 1985 and became due and payable thirty days thereafter, December 25, 1985. The bill has not been paid.
There was no evidence as to any damage suffered by the defendant based upon deficiencies in the plaintiff's performance.
In view of the fact that the sub-base was inadequate for the purposes of plaintiff paving and that a disclaimer was agreed upon the issue before the court is whether the plaintiff's performance conformed to the terms of the contract, entitling him to recover the amount escrowed.
The court concludes that the plaintiff established the allegations of his complaint and that the defendant failed to establish the allegations of the counterclaim.
It has been consistently held by the courts of this State that minor deviations from the terms of a contract will not serve to defeat a recovery by the person providing the services or work. Chariott v. McMullen, 84 Conn. 702, 704 (1911).
In this case, the minor deviations do not prevent recovery by the plaintiff. Because the defendant proved no damage or loss flowing from any minor deviations in the work, defendant has not established any basis on which to reduce plaintiff's recovery.
The plaintiff seeks an award of interest based upon the defendant's wrongful detention of monies owed, pursuant to Connecticut General Statutes, Section 37-3a, which provides in relevant part that, ". . . interest at the rate often per cent a year, . . . may be recovered and allowed in civil actions . . ., as damages for the detention of money after it becomes payable. . . ."
The issue is whether the detention of the monies owed by the defendant was improper or wrongful, thus allowing the imposition of prejudgment interest.
The evidence presented indicates clearly that the plaintiff performed his work and supplied the necessary materials pursuant to the terms of the contract and in a workmanlike manner. That the refusal to pay constitutes an improper or wrongful detention of money, thus allowing this court to award interest. Cecio Bros. v. Feldman, 161 Conn. 265 (1971).
Accordingly, in addition to the principal amount of $25,015.50, the plaintiff is awarded interest at the rate of ten CT Page 6494 percent from December 25, 1985, to the date of judgment on the balance due and owing.
The plaintiff seeks an award of reasonable attorney's fee as expressly agreed by the parties. Because the plaintiff was required to engage the services of an attorney to collect the monies due, plaintiff is allowed attorney's fee of $2,500.00.
For the foregoing reason, judgment is entered in favor of the plaintiff on the complaint in the principal sum of $25,015.50 plus interest at the rate of ten per cent from December 25, 1985 to the date of judgment, together with an attorney's fee of $2,500.00. Judgment is entered in favor of the plaintiff on the counterclaim.
BARRY R. SCHALLER, JUDGE