## Henry Clark v. John E. Pearson.

1. DAMAGES—*Inadequate—Who Can Complain of.*—The defendant in a suit for breach of contract can not complain because the damages are too small.

2. CONTRACTS—*Must Be Certain.*—An agreement is not a contract

Clark v. Pearson.

unless its terms are certain or capable of being made certain. The parties to it must express themselves in such terms, that it can be ascertained to a considerable degree of certainty what they mean. So a promise to "pay more if he could afford it" involved the uncertain contingency of the promisor himself deciding as to whether he could afford to pay more.

3. Instructions—*Who Can Not Complain.*—A party who presents to the court different and antagonistic instructions, and such that if one be given, consistency requires that the other be refused, can not be heard to complain of the action of the court in erroneously deciding between the two.

Memorandum.—Assumpsit for breach of a contract of sale. Appeal from the Circuit Court of Henderson County; the Hon. John J. Glenn, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

Kirkpatrick & Alexander, attorneys for appellant.

Appellee's Brief, William C. Norcross, Attorney.

The appellant is not in a position to find fault with the verdict for being too small, because a party can not complain of an error which makes to his own advantage. Van Sant v. Allimon, 23 Ill. 31; Davenport v. Ryan, 81 Ill. 218; Hair v. Barnes, 26 App. 580.

"It is the general rule, that a new trial will not be granted for an entirely harmless error." Hilliard on New Trials, page 32, Sec. 1.

"A writ of error will not lie to reverse a judgment on account of an error in favor of the party applying." Sterrett v. Crede, 2 Ham. 343. A reversal will be refused where the error was not injurious to the party complaining. 2 Thompson on Trials, 1750, and authorities there cited.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This suit was commenced before a justice of the peace to recover a balance claimed by appellee to be due him on the sale of a lot of hogs to appellant to be shipped to Chicago.

On appeal to the Circuit Court the case was tried by a jury, resulting in a verdict and judgment in favor of appellee for one dollar.

Appellant was engaged in buying hogs for shipment to the Chicago market.

The contract of purchase from appellee was made with one John McIntosh, an agent of appellant. Appellee's version of the contract as presented by his testimony, was that he was to receive $4.10 per hundred pounds for the hogs, and as much more as appellant could afford to pay according to the price he should be able to sell at in the Chicago market. Appellant's version as presented by the testimony of McIntosh was that appellee was to receive $4.10 per hundred pounds and more if appellant could afford it, but that no reference was made to the Chicago market.

Eleven hogs were purchased from appellee. They were shipped with others to Chicago, and on the shipment appellant received $5.05 per hundred for one car load, and $5.10 for another. Appellant paid appellee $4.10 per hundred for the eleven hogs. Appellee sought a recovery on the ground that they were sold for so much more in Chicago, that appellant could afford to pay more, and that the contract required him to do so. He introduced evidence showing expense of handling and transportation, and what would be a reasonable profit to a buyer shipping from Biggsville, the place of shipment to Chicago.

Denying that the contract was that he was to pay more than $4.10 per hundred if the state of the market in Chicago would permit, appellant contended that the agreement between his agent and appellee was that he was to pay $4.10 and more if he could afford it, and that the agreement to pay more if he could afford it was so vague and indefinite as to make it an obligation only to pay $4.10. He also defended upon the ground that if the contract was as contended for by appellee, then the expense of transportation, risk incurred, fair profit he was entitled to, and a shrinkage he was compelled to suffer by reason of four piggy sows was more than sufficient to countervail the difference between the amount

paid appellee and the amount for which the hogs sold in Chicago.

We are not disposed to disturb the judgment because the verdict is against the evidence. On the theory of appellee he was entitled to a verdict. As the jury adopted his theory and found for him they should have fixed his damages at more than $1. That is an error, however, that appellant can not complain of.

If the terms agreed upon between the agent, McIntosh, and appellee, were that appellant should pay $4.10 per hundred and more if he could afford it, then it was a contract of purchase for $4.10 per hundred and appellee was entitled to no more, irrespective of the amount received by appellant.

The promise to "pay more if he could afford it" involved the uncertain contingency of appellant himself deciding that he could afford to pay more. An agreement is not a contract unless its terms are certain or capable of being made certain. The parties to it must express themselves in such terms that it can be ascertained to a reasonable degree of certainty what they mean. Chitty on Contracts, 68; Benjamin on Contracts, 17. Appellant offered two instructions harmonizing with this view of the law, but they were refused by the court. We do not think, however, that he is in a position to urge the action of the court in that regard as sufficient ground for reversal of the judgment. He asked and the court gave the following instruction:

Fifth. If the jury find from the evidence that the contract for the sale and purchase of the hogs was that the defendant should pay the plaintiff $4.10 per hundred and more if he could afford it, then the jury are instructed that in considering whether or no he could afford to pay more, the jury should take into consideration the time and labor spent by the defendant in buying and caring for the hogs, the risk, if any, in shipping and selling, and all other facts and circumstances in proof relating to the same, and then before the jury can find a verdict for plaintiff, they must find from the evidence that the defendant received a larger sum as profits on said hogs than he is entitled, under all the circumstances, to retain.

This instruction is inconsistent with the one refused. A party who presents to the court different antagonistic instructions, and such that if one be given, consistency requires that the other be refused, can not be heard to complain of the action of the court in erroneously deciding between the two. Especially should such holding obtain in a case where no more is involved than is in this case. Judgment affirmed.