ANDREW J. BRODERICK *vs.* DANIEL T. HART.

Third Judicial District, Bridgeport, April Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A promise by the owner of real estate to pay a commission to one who, on his own initiative, had found a possible buyer of the property, if the finder would disclose the name of the customer and if the owner should thereafter sell the property to such person, is one made upon a good and valuable consideration; and if the disclosure requested is made and the property is afterward sold by the owner to such person, the promisee may maintain an action to recover the commission, although the sale was effected without further assistance from him.

Under such circumstances the plaintiff's right to recover is not dependent upon proof that he was the procuring cause of the sale.

A motion to set aside a verdict as against the evidence, is not a proper method of taking advantage of an alleged variance between the pleading and proof.

In a bill of exceptions the defendant criticised the charge for failing to instruct the jury that the plaintiff, in order to recover, must prove an employment, express or implied, to effect a sale of the property. *Held* that such instruction was given in substance, and that the jury must have so understood.

Argued April 18th—decided June 3d, 1922.

ACTION to recover a commission for aiding a sale of the defendant's real estate, brought to the Superior Court in New Haven County and tried to the jury before *Kellogg, J.;* the jury returned a verdict for the

plaintiff for $1,702, which the trial court set aside as against the evidence, and from this decision the plaintiff appealed. *Error and cause remanded for entry of judgment on the verdict. No error on defendant's bill of exceptions.*

The plaintiff's testimony, which the jury accepted, was substantially as follows: He was not a real-estate agent, but a jewelry salesman and an intimate companion of the defendant. The property in question had been rented as a saloon, and in 1919 one Joslin, of the firm of Joslin and Allen, made some inquiry about the premises, and the plaintiff suggested that the firm of Joslin and Allen should buy the property. Joslin said they were ready to offer $50,000 for the premises, and that perhaps the plaintiff, because of his personal relations to the defendant, might be able to bring the firm of Joslin and Allen and the defendant together on a sale. In the attempt to do so the plaintiff asked defendant whether the property was for sale, and stated that he had a customer who would offer $50,000 for it. The defendant declined to sell at that price, and further stated that he desired to give the present tenant, Murphy, the preference. Plaintiff's testimony as to what was then said runs as follows: "I said, 'Get me right, Mr. Hart, I don't want to interfere with this building if Mr. Murphy wants it.' I said, 'It is simply that I am only interested for what is in it, for the sale of it.' He says, 'I am going to talk it over with Mr. Murphy, anyway.' I said, 'Well, if Mr. Murphy does not want the property will you put a price on it?' He said, 'Why, yes, Andy, I will.' So as I started to leave him he called me back. He said, 'Andy, who wants this property?' I said, 'Mr. Hart, if it would not interfere with the sale of this property any way why I would just as soon tell you. I am only interested in the commission, that is all, I am only

interested in the commission that is in it.' He said, 'It won't, if I sell it to your customer I will pay you the commission.' I says, 'All right, it is Joslin and Allen.'"

Within a few days the property was sold by defendant to Joslin and Allen, through a real-estate broker, for $25,000 in cash and a purchase-money mortgage of $50,000, without any further notice to or action by the plaintiff, except that he reported back to Joslin and Allen that defendant would not sell for $50,000 and that he intended to give Murphy the preference, and if Murphy did not want it the defendant was going to put a price on it.

*William E. Thoms*, for the appellant (plaintiff).

*Terrence F. Carmody* and *Maurice T. Healey, Jr.*, for the appellee (defendant).

BEACH, J. On the plaintiff's appeal the question is whether the trial judge, who observed the witnesses and the jury, erred in setting the verdict aside, and ordinarily that would depend upon whether the jury might reasonably, upon the evidence, have reached the conclusion which it did. In the present case, however, it appears that the action of the trial judge was not based upon his observation of the witnesses, but for the specific reason, as stated in his memorandum of decision, that the plaintiff was not the procuring cause of the sale. That is true, and if the contract of employment had been in the usual form, the action of the trial judge in setting aside the verdict on that ground would have been entirely correct.

The debatable question in the case is created by the plaintiff's testimony above quoted. In view of the personal relations between the plaintiff and the defendant, there was nothing inherently incredible in the

plaintiff's story, and the jury might reasonably have believed, as they did believe, the plaintiff's version of the conversation, though it was contradicted and not corroborated. Assuming the plaintiff's testimony to be true, what is the legal effect of it? The offer which the plaintiff communicated to the defendant was a substantial one and indicated a real desire on the part of his customer to buy the property; and the defendant's promise to name a price at which he would sell to the plaintiff's unknown customer, in case Murphy did not want the property, may well be regarded as a conditional acceptance of the plaintiff's offer to act as a broker, on commission, in attempting to negotiate the sale to that particular customer, at a price to be thereafter named. It turned out that Murphy did not want the property, and so the condition was fulfilled. In addition to that, the defendant's promise to pay the commission "if I sell it to your customer," was made in consideration of the disclosure of the customer's name, and was a promise on good consideration to pay the plaintiff his commission in case the sale to Joslin and Allen was effected without any further assistance from the plaintiff, who had already interested them. The jury must have so regarded it, and we think the court erred in not giving effect to the defendant's promise to pay the commission in case he sold to the plaintiff's customer, and in holding that the plaintiff, notwithstanding that promise, was still bound to prove that he was the procuring cause of the final sale.

The complaint is not as specific as it should be, but the plaintiff's testimony was admitted without objection, and if there was any variance between the pleading and the proof, a motion to set aside the verdict as against the evidence was not a proper method of attempting to take advantage of such variance.

Turning now to the defendant's bill of exceptions to

the charge. All the exceptions relate, in one form or another, to the supposed failure of the court to specifically charge the jury that in order to entitle the plaintiff to recover he must prove an employment, express or implied, to effect a sale of the property. The court did, however, specifically call the attention of the jury to the allegation in the complaint "that on or about October 1st, 1919, the defendant employed the plaintiff to sell for him a certain brick block," etc.; and did charge the jury that the burden rested on the plaintiff to prove the allegations of his complaint. This was enough. The jury must have understood that the plaintiff was bound to prove an employment to sell the property.

On the defendant's bill of exceptions we find nothing erroneous. On the plaintiff's appeal from the action of the trial court in setting aside the verdict, there is error, and the cause is remanded with directions to enter judgment on the verdict.

In this opinion the other judges concurred, except GAGER, J., who concurred in the result, but died before the opinion was written.