DEMETRIO CHINIGO ET ALS. *vs.* SAMUEL EHRENBERG.

Second Judicial District, Norwich, October Term, 1930.
WHEELER, C. J., MALTBIE, HINMAN, BANKS and AVERY, Js.

Argued October 21st—decided November 29th, 1930.

*Charles V. James*, with whom, on the brief, were *Thomas J. Kelly* and *Arthur M. Brown*, for the appellant (defendant).

*John H. Barnes,* with whom was *Edwin W. Higgins,* for the appellees (plaintiffs).

BANKS, J.  The plaintiffs entered into a written contract with the defendant in which they agreed to dig a cellar under a building owned and occupied by him in accordance with certain plans and specifications, for the contract price of $600.  The specifications provided that the contractors should excavate the whole area under the building to a depth of seven feet and three inches, remove the old foundations and build in their place a new twelve-inch stone wall under the sills of the outer wall of the building, place fourteen steel columns to support the girders, and continue the chimneys down to the new cellar bottom.  After the plaintiffs had excavated a considerable portion of the cellar the defendant agreed with them that the space directly under the sills of the outer wall should not be excavated and that the new foundation wall should be built inside the old wall.  This was done and the new wall is adequate and proper to sustain the building. During the course of the work the plaintiffs represented that the work would be delayed if iron columns were used, and the defendant agreed that fifteen yellow pine posts might be substituted for the fourteen iron posts specified.  This was done and the posts properly and safely support the building.  The plaintiffs did not continue the chimneys to the new cellar bottom, and this change in construction was made with the consent of the defendant.

The court found that there was a substantial performance by the plaintiffs of the work under the contract as thus modified.  The defendant now claims that, since the action was brought upon the original written contract, and the judgment is based upon that contract as subsequently modified by parol, the judgment can-

not stand because it is based upon facts found but not within the issues raised by the pleadings. This claim comes too late. A claim that there is a material variance between allegations and proof should be made when the offer of proof is made of facts which it is claimed are not within the issues. *Nocera* v. *La Mattina,* 109 Conn. 589, 145 Atl. 271. A party cannot take advantage in this court of a claim of variance which was not urged in the court below. *Notkins* v. *Pashalinski,* 83 Conn. 458, 461, 76 Atl. 1104; *Chariott* v. *McMullen,* 84 Conn. 702, 707, 81 Atl. 65; *Jordon* v. *Apter,* 93 Conn. 302, 304, 105 Atl. 620.

The defendant also claims that the facts found do not support the conclusion of the court that there was a substantial performance of the contract as modified by the subsequent oral agreement. The specifications provided for the cementing of the cellar floor, with proper provision for drainage, that the contractors should provide and build clean-out doors in the chimneys, cover the outside cellar stairs with bulk-head doors and hasp lock, place five windows in the cellar and leave the floors of the building clean. Within a short time after the work was finished a slight depression appeared in the center of the cellar floor, and at the time of the inspection of the property by the court about two years later there was a depression in the middle of the floor of about one and five eighths inches so that the water would not drain off. The work of the plaintiffs in the placing of the clean-out doors in the chimneys and in the construction of the bulk-head doors was defective, they placed only three windows in the cellar instead of five and failed to properly support the floors of the building during the work and failed to leave them level at the conclusion of the work.

The defendant in his answer by way of counterclaim alleged that the plaintiffs had failed to perform a

large part of the work required under their contract, and had performed the work in such a negligent manner as to crack the plaster on the walls of the building and cause large areas of it to fall from the ceilings and walls. The burden was upon the defendant to prove these affirmative allegations of the counterclaim. The court found that the defendant offered no evidence of the cost of filling in the depression in the cellar floor, altering the construction of the chimneys, repairing the hatchway, placing two more windows in the cellar or leveling such floors as were out of level, but awarded him $195 under his counterclaim for the expense of repairing the cracks in the wall and replacing plaster and wall paper, and $22.93 for damage caused by the breaking of electric wires and water pipes in the cellar. The question of whether there has been substantial performance of a building contract under our rule is ordinarily one of fact. *Daly & Sons* v. *New Haven Hotel Co.*, 91 Conn. 280, 291, 99 Atl. 853; *Morehouse* v. *Bradley*, 80 Conn. 611, 613, 69 Atl. 637. The subordinate facts found are not inconsistent with the conclusion of the court that there was substantial performance by the plaintiffs of the work under the contract, as modified by the subsequent oral agreement, and that they were entitled to recover the contract price less the amount awarded the defendant upon the counterclaim, plus the amount proven to be due them for extra labor and material.

The defendant seeks to have the finding corrected by striking out the paragraph awarding the plaintiffs $475 for extra labor and material upon the ground that that sum includes the cost of certain work required to be done under the contract. There was evidence that the labor and material for which this sum was awarded was furnished by the plaintiffs in addition to that required by the terms of the contract.

Other paragraphs of the finding are asked to be stricken out on the ground that the facts therein found are not within the issues. The evidence in support of these paragraphs was received apparently without objection and, as already noted, the defendant cannot after the trial claim that these facts were not within the issues.

There is no error.

In this opinion the other judges concurred, except MALTBIE, J., who dissented.