CHARLES P. CHAPIN [CHARLES J. CHAPIN, ADMINIS-
TRATOR, SUBSTITUTED PLAINTIFF] *v.* ADAM
POPILOWSKI ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 13—decided June 24, 1952

*David R. Lessler,* with whom was *Harry Cohen,*
for the appellants (defendants).

*Robert L. Sullivan,* for the appellee (plaintiff).

BROWN, C. J. The plaintiff, as the owner of a piece of farm land in New Milford, brought this action for an injunction and damages against the defendants for interfering with his claimed prescriptive right of way across their intervening land to the highway. The jury rendered a verdict of $500 for the plaintiff, and the defendants' motion to set it aside was denied. The court gave judgment for damages in this amount and permanently enjoined the defendants from interfering with the use of the right of way serving the plaintiff's land. The defendants have appealed, claiming that the court erred in denying their motion to set aside the verdict and in its charge to the jury. The evidence discloses that they are not entitled to the single correction of the finding which they also seek.

Two of the defendants' assignments of error relate to the court's charge as to damages. The complaint alleged that the plaintiff had "a stand of clover ripe and ready to harvest" on the parcel served by the right of way and that the acts of the defendants in preventing his use of the way rendered it impossible "to harvest this crop, and ... have greatly diminished the value of the plaintiff's property." A claim of proof of the plaintiff was that his "ten acre meadow ... was planted to red clover with mixed grasses." One of the two assignments asserts that the court erred in permitting the jury to assess damages on a "ten-acre crop" when the crop "as established by the evidence" consisted of four acres of clover and six of mixed hay. The other states that the court erred in allowing recovery for loss of a "second crop," since this was damage which occurred subsequent to the institution of the action. We do not

.discuss, as such, the claimed defects in the charge presented by these assignments of error, because of the defendants' failure to comply with § 153 of the Practice Book. We do make this detailed reference to them by reason of the fact that the defendants have incorporated in the latter part of each assignment the assertion that the elements of damage referred to were "beyond the purview and scope of the pleadings" and that therefore the court should have set the verdict aside.

The allegations of the complaint plus the court's finding of the claim of proof which we have recited afford full answer to the asserted error in the present connection in so far as the former assignment is concerned. As to that under the latter, in the absence of any motion for a more specific statement directed to the allegation that the value of the plaintiff's property was diminished, we cannot say that the item of second crop damage was not within the proximate results reasonably to be contemplated as flowing from the defendants' wrongful act as alleged. The only basis upon which either of these claimed errors could rest would be variance. The proper way for the defendants to have asserted this claim was by interposing an objection to the evidence when offered. Their motion to set aside the verdict was not a proper method of attempting to take advantage of such a variance. *Broderick* v. *Hart,* 97 Conn. 492, 495, 117 A. 491; *Wolfe* v. *Wallingford Bank & Trust Co.,* 4 Conn. Sup. 128, 129; *Chinigo* v. *Ehrenberg,* 112 Conn. 381, 383, 152 A. 305. The court did not err in denying the motion to set aside the verdict.

The defendants' remaining assignment of error is that the trial court erred in "charging that the plaintiff had to establish the essential elements upon

which he based his claim of a right of way by pre-scription by *merely a fair preponderance of the evidence,* that is, (a) an open visible use, (b) a continuous and uninterrupted use for 15 years, and (c) a use under a claim of right . . . *instead of* charging that plaintiff, as a matter of law, must establish all of these elements by *clear and positive proof* or otherwise the jury must find for the defendants as requested by the defendants." The defendants have submitted an elaborate brief on this point, but, for reasons which will appear, a decision of the question is unnecessary.

The defendants filed two requests to charge. The first was: "If the plaintiff fails to prove by a fair preponderance of evidence" the three essentials stated above, "then judgment must be entered for the defendants." The second was: "If the plaintiff fails to prove each of the aforesaid elements by clear and positive proof, there must be judgment for the defendants." By their assignment of error, the defendants complain that the court, instead of giving the second instruction as requested, gave the first, which was inconsistent with the second. The defendants, however, had also requested the court to give the first instruction. Thus, the defendants had asked the court to give both of two inconsistent charges on the fundamental proposition of the burden of proof on the issue of liability. The error which they assign is not that the court refused to give both but that it did give the first and refused to give the second. It is manifest that to hold that a party is entitled to prevail upon such an assignment of error would make for confusion in trial procedure and impose an unfair burden upon the trial court. This court's recent comment concerning a claim that the trial court erred in submitting an issue to the jury

is apropos of the defendants' complaint in the instant case concerning the charge by the court on the burden of proof: "It cannot avail the defendants since they requested in writing that the issue be submitted to the jury. . . . Action induced by an appellant cannot be made a ground of error. *Housing Authority* v. *Pezenik,* 137 Conn. 442, 448, 78 A. 2d 546; *Ratti* v. *P. Berry & Sons, Inc.,* 98 Conn. 522, 524, 119 A. 894; *Andrews* v. *Dougherty,* 96 Conn. 40, 46, 112 A. 700; *Stevens* v. *Kelley,* 66 Conn. 570, 577, 34 A. 502; Maltbie, Conn. App. Proc., § 21(b)." *Battistelli* v. *Connohio, Inc.,* 138 Conn. 646, 649, 88 A.2d 372; see 3 Am.Jur. 432, § 880.

Since the defendants' requests were directed to the single principle of law prescribing the plaintiff's burden of proof as to liability, the inconsistent propositions contained therein were violative of the rule that "[a] principle of law should be stated in but one request and in but one way." Practice Book § 153 (5th par.). Refusal to grant one of two inconsistent requests to charge does not constitute error. *Western Union Telegraph Co.* v. *Griffith,* 161 Ala. 241, 245, 50 So. 91; *Healey* v. *Rupp,* 28 Colo. 102, 106, 63 P. 319; *Percival* v. *Chase,* 182 Mass. 371, 374, 65 N.E. 800; *Missouri Pacific Ry. Co.* v. *Fox,* 60 Neb. 531, 541, 83 N.W. 744; *Clark* v. *Pearson,* 53 Ill. App. 310, 314; *Texas & P. Ry. Co.* v. *Hassell,* 23 Tex. Civ. App. 681, 683, 58 S.W. 54; *Richmond* v. *Pemberton,* 108 Va. 220, 227, 61 S.E. 787; *Aetna Indemnity Co.* v. *George A. Fuller Co.,* 111 Md. 321, 349, 73 A. 738; *Tetherow* v. *St. Joseph & D. M. Ry. Co.,* 98 Mo. 74, 85, 11 S.W. 310. The defendants take nothing by their assignment of error as to the court's charge upon the burden of proof.

There is no error.

In this opinion the other judges concurred.