BESSIE E. HAFFORD ET AL. *v.* EDWARD J. ZYLA ET AL.

SUPERIOR COURT      TOLLAND COUNTY      FILE NO. 13973

Memorandum filed December 2, 1971

*Feingold & Fernino,* of Hartford, for the plaintiffs Bessie E. and Herman Hafford.

*George A. Downing,* of East Hartford, for the intervening plaintiff Contromatics Corporation.

*Gordon, Muir & Fitzgerald,* of Hartford, for the named defendant.

*Cooney & Scully,* of Hartford, for the defendant Rockville General Hospital, Incorporated.

NARUK, J.   Pursuant to Practice Book §§ 168 through 171, the plaintiffs in this malpractice action have filed motions containing 132 interrogatories and 2 requests for production against the defendant Zyla and 37 interrogatories and 5 requests for production against the defendant Rockville General Hospital.  The defendant Zyla objects to the motion pertaining to him in its entirety and, in the alternative, to certain specified paragraphs.  The defendant Rockville General Hospital objects to certain specified paragraphs.  Both defendants claim that the material sought is irrelevant and immaterial to the plaintiffs' cause of action and that no good cause has been shown as to its need or as to the facility of its production.  The defendant Zyla further objects on the ground that the material sought is properly obtainable under the rules and statutes dealing with depositions and that a deposition has already been scheduled in this case.

Under §§ 168 and 185 of the Practice Book, both interrogatories and depositions are available to a party as part of our discovery procedure.  Stephenson, Conn. Civ. Proc. (2d Ed.) § 139, p. 582.  Nothing in our rules, other than the trial court's interpretation of materiality or the requirement of the "ends of justice," determines the interrelationship of the two motions in the event of an overlap.  Practice Book §§ 171, 167; Stephenson, op. cit. § 138j, p. 582.

In the instant case, a good deal of the information sought from the defendant Zyla would customarily be obtained by the taking of his deposition.  That fact, however, does not preclude the plaintiffs from pursuing the same matters, where relevant and material, in their present motions.  Although the existence of a scheduled deposition is a factor the court has taken into account in determining the facility with which the material sought can be obtained by

the plaintiffs, it does not play a large role in its decision. The purpose of such motions being the discovery of the true facts and a shortening of the trial, it is hoped that the granting of the instant motions, where applicable, despite the pending deposition, will serve the purpose which the motions were originally designed to serve.

A good many of the interrogatories sought from the defendant Zyla contain duplications, require conclusions to be made by him from facts otherwise available to the plaintiffs, are so broad as not to be susceptible of a proper response, or can be more readily obtained from the codefendant. Questions 23 through 28, 42 through 47, 48, 68, 71, 72, 90, 109, 110, 113, 114, and 121 through 127, inclusive, fall into such categories, and the objections of the defendant Zyla are sustained as to them. Questions 37 and 38, as phrased, do not appear to be material or relevant to the issues at hand, and the objections as to them are also sustained. The material the production of which is sought in paragraph C is more readily obtainable from the codefendant, and, therefore, the objection is sustained as to it. In all other respects, the information sought is relevant and material, and the objections of the defendant Zyla as to it are overruled.

The objections of the defendant Rockville General Hospital as to interrogatories 6 and 7 are sustained on the ground that the material sought therein is so broad in nature as to be irrelevant and immaterial. The same is true of the materials the production of which is sought in paragraph C of the motion. Further, those materials have already been ordered produced by the codefendant. Therefore, the objections to that paragraph are also sustained. The objections as to paragraph D are overruled, subject to the condition precedent that the material sought for the

period prior to November 26, 1969, will be limited to the five years immediately preceding that date.

In all other respects, the objections of both defendants are overruled, and the plaintiffs' motions are granted. The defendants are given three weeks from the date of this decision to comply with it.