DOSIA LAMAR, JR., ADMINISTRATOR *v.* THE ST. MARY'S HOSPITAL CORPORATION ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF WATERBURY | FILE NO. 38088 |
|---|---|---|

Memorandum filed July 26, 1974

*John A. Del Buono,* of Waterbury, for the plaintiff.

*Larkin & Pickett,* of Waterbury, for the defendant Cohen.

MEYERS, J. It is true that our discovery statute, General Statutes § 52-197, is remedial in character and must therefore, of necessity, be liberally construed with the thought in mind that there is to be provided thereby a more speedy and less expensive method than other proceedings—for instance, in equity or by deposition. Yet, however expedient

the vehicle, even the provisions for discovery as contained in the Federal Rules of Civil Procedure have their boundaries and limitations, which include, inter alia, that an examination of this nature is not to be proposed in bad faith or so as to annoy, embarrass or oppress the party who is made subject to the inquiry. *Hickman* v. *Taylor*, 329 U.S. 495, 507. Not to be approved is the search for the irrelevant. Id., 508. These are not within the purposes of discovery, which, basically, is to assist as to material things in the administration of justice. It has further been said that the main purpose in authorizing pretrial discovery is to permit, prior to trial, the narrowing of the issues and the securing of pertinent evidence for use at the trial. *Maddox* v. *Grauman*, 265 S.W.2d 939 (Ky).

The instant thirty-six page motion for disclosure and production overreaches in some respects. The quantity of interrogatories alone is, however, not controlling in this determination. The court is of the opinion that there is no reasonable interpretation of § 52-197, which, providing for discovery, is entitled "Motion for Disclosure," that would sustain the right of the plaintiff to have answers to any but a few of the interrogatories contained in the motion.

From the time of the enactment of the very first statutory provisions in our state relative to discovery; Statutes, 1838, p. 76; our rules as well as our courts in interpreting them were careful not to conform entirely with the liberality of the federal rules. Margolis, "A Uniform Motion for Disclosure in Negligence Cases," 37 Conn. B.J. 127, 133.

Certainly, there is here an obvious and overwhelming volume of inquiry, with at least a part

thereof totally disconnected from that which would be material to the mover's cause. It cannot be said that in each instance there exists "good cause," as required by Practice Book § 167 as well as our case law. *Pottetti* v. *Clifford,* 146 Conn. 252, 259. Further, that which amounts to "a mere fishing expedition" finds little favor in the pertinent rulings contained in our case law. *Katz* v. *Richman,* 114 Conn. 165, 171.

The unrelated schooling, background and area of practice of a party who is a physician should not be subject to such inquiry. Here, there is immaterial interrogation. In this state we have examining boards and methods of issuance of licenses to practice medicine which provide the only way by which a qualified candidate may attain the position of a practicing physician. General Statutes §§ 3-102, 20-11. It must be accepted that to attain his professional stature the defendant Cohen has conformed with law. The qualifications of an expert witness about to testify may require examination of this nature in another forum.

In general, the argument, as advanced, describing the availability of proceedings such as depositions to obtain some of the answers sought does not preclude the use of the present means. *Hafford* v. *Zyla,* 29 Conn. Sup. 319, 320.

Where, however, through such a motion as this, information is sought which is more readily obtainable from hospital records or other defendants, as it is here, particularly in view of the fact that the hospital is a codefendant, objections to the motion must be, and they are, sustained.