Discovery — Specific Information — Video Tapes. The plaintiff in a personal injury action is not entitled, pursuant to P.B. § 219, to disclosure of video tapes taken by the defendant of the plaintiff in preparation for trial.
Plaintiffs brought this action against defendants arising out of a November, 1986 automobile accident. The accident occurred in Stamford, Plaintiff, Edward Kriskey, claims that he sustained an aggravation of a pre-existing back condition which has rendered him incapacitated and unable to work.
Counsel for defendants retained Beneficial Investigative CT Page 4981 Service, Inc. [Beneficial] to monitor Kriskey's activities. Plaintiffs now seek to depose Beneficial Investigation Services, Inc. and obtain its complete file. Including photographs and correspondence between counsel and Beneficial, regarding Beneficial's surveillance activities as they relate to the plaintiff. In response to plaintiffs' discovery and deposition requests defendants filed a Motion for Protective Orders and Beneficial filed a Motion to Quash.
Defendants and Beneficial argue that the deposition of Beneficial Investigative Services, Inc. and the production of surveillance material should not be ordered on the grounds that the material in Schedule A was obtained at the direction of counsel in anticipation of litigation and that the discovery of this material will prejudice the defense of this case.
Connecticut Practice Book § 243 provides for depositions generally.
 In addition to other provisions for discovery and subject to the provisions of § 217, any party who has appeared in a civil action, . . . where the court finds it reasonably probable that evidence outside the record will be required, may, at any time after the commencement of the action or proceeding, in accordance with the procedures set forth in this chapter, take the testimony of any person, including a party, by deposition upon oral examination.
CT Page 4982 Conn. Practice Bk. § 243 (rev'd to 1989). Because depositions are subject to the provisions regarding the scope of discovery. § 219 applies to the instant question of defendants' materials prepared in anticipation of litigation. Section 219 provides in pertinent part.
 [A] party may obtain discovery of documents and tangible things otherwise discoverable under Sec. 218 and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.
Conn. Practice Bk. § 219 (rev'd to 1989). Although, plaintiffs cannot obtain the specific photographs and surveillance that defendants made, the plaintiffs are in the best position to make their own videos and photographs concerning Kriskey's physical activities during the period after the injury. Plaintiffs have not demonstrated a substantial need of the surveillance activities and photographs in the preparation of plaintiffs' case, Plaintiffs are able without undue hardship to obtain the substantial equivalent of the materials by other means. Consequently, plaintiffs have not complied with § 219 and defendants and Beneficial are not required to turn over the requested material.
CT Page 4983 Upon motion by a party from whom discovery is sought, and for good cause shown, the court may make an order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; . . . (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters . . .
Conn. Practice Bk. § 221 (rev'd to 1989). "The party seeking to bar a deposition must make a threshold showing that there is `good cause' that the protective order issue." AssociatedConstruction Co., Inc., v. City of Milford, CT, 4 CSCR 130, 131
(1989). The showing must involve a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id. Defendants and Beneficial argue that to allow plaintiff to depose Beneficial and have access to defendants' surveillance reports and photographs prior to the time of trial would unduly prejudice the defense of the instant case. Specifically, the plaintiffs would be forewarned of the defendants' knowledge of plaintiffs' activities after the accident as it related to his claimed injuries and damages. The court finds that the defendants and Beneficial have shown good cause and that the protective order will issue.
CT Page 1