[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL DEPOSITION
The opposing motions now before the court to compel a deposition and for protective order from it raise questions about the scope of discovery and applicability of Practice Rule 220 to depositions of parties to lawsuits who may also possess uncommon particular knowledge or experience qualifying them as experts.
The plaintiff brought this action against Robert Coyne, assessor of the City of Milford; the City of Milford; and its Board of Tax Review contending that its premises were exempt from taxation under 47-204 (b) of the Connecticut General Statutes.
Connecticut's statutory scheme for assessment and collection of real estate taxes grants to assessors, in the first instance, the duty to value real estate in accordance with Title 12 of the General Statutes. The assessors who perform this task receive special training and certification. C.G.S. 12-40a. Sections 47-204
(b)(2) and 47-204 (c) of the General Statutes govern whether common areas of a declared condominium are separately taxed or not and after the declarant has conveyed at least one unit to another, essentially provide that only if the declarant has reserved development rights over such a parcel will it be taxable. This scheme makes sense because if no development rights have been reserved, the unit owner owns not only his own unit but also a fraction of the common areas, and therefore when all unit owners CT Page 7788 are taxed, the entirety of the ownership interest in the land and improvements will thereby be taxed.
The plaintiff wants to know by what legal authority the assessor claims to tax its property and has noticed his deposition. The assessor has not been disclosed as an expert under Rule 220 of the Rules of Practice, nor was any motion granted by the court permitting the plaintiff to orally depose him. Because this court concludes that neither action is a necessary preface to such a deposition, the motion for protective order is denied, and the court rules the deposition should proceed. A party seeking to bar a deposition must make a threshold showing that there is good cause that the protective order issue. The Associated Construction Co., Inc. v. Milford, 4 CSCR 130, 131 (December 28, 1988, Kulawiz, J.) citing Cooper v. Welch Foods, Inc., 104 F.R.D. 4, 6 (W.D.N.Y. 1984). The purpose of discovery "is to assist as to material things in the administration of justice." Lamar v. St. Mary's Hospital Corp.,31 Conn. Sup. 335, 336 (1974).
An assessor may value and add to the taxable grand list only those parcels of real estate which our laws permit to be taxed. The plaintiff is entitled to know prior to trial on what basis the defendant assessor claimed its premises taxable and to discover this at a deposition because this information is material to the subject matter of the dispute. Practice Book 218.
The defendant claims that under the rule of State v. Clemente,166 Conn. 501, 514-516 (1974), discovery is governed exclusively by the Rules of Practice and that 220 of the Rules permits only the use of written interrogatories to discover the opinions of experts like the defendant unless by motion the court permits an oral deposition.
While there are good reasons relating to fairness and avoidance of surprise not to permit the solicitation of expert opinions from a witness who is a non-party employee of a defendant and not the actor whose conduct has caused the plaintiff any claimed harm, unless the witness has been previously identified as an expert, there is no good reason to require prior Rule 220 identification of a person who is a party to the lawsuit or court permission to depose him. The assessor's testimony is material in that not only is it relevant but, insofar as it is important to know why he listed as taxable property premises which the plaintiff claimed was exempt, it is at the very heart of the dispute. Direct parties to lawsuits whose expert opinions and judgments are the basis for the actionable harm claimed by the plaintiff in a lawsuit do not come within the ambit of Rule 220. They or their testimony are neither "acquired" nor "developed in anticipation of litigation or for trial" as Rule 220 contemplates. CT Page 7789
The defendant's motion for protective order is denied.
The deposition should proceed.
Joseph P. Flynn, Judge.