[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether the court should grant the defendants' protective order, or order that the defendants comply with a subpoena duces tecum, which seeks to discover alleged trade secrets.
On October 17, 1991, the plaintiff, Beta Squared, filed a four count complaint against the defendants, Thor Designs and Joseph Giangarra, alleging misappropriation of confidential proprietary information, unfair competition and trade practices, tortious interference with business expectancies, and breach of contract. According to the plaintiff, each cause of action arises out of an independent consulting agreement entered into between Giangarra and the plaintiff on March 28, 1990, whereby Giangarra was to provide the plaintiff with advice in training personnel on servicing products produced by KLA instruments, a manufacturer of high technology equipment, and was to assist the plaintiff in developing an "expert system" for KLA products for use, sale and licensing by the plaintiff. In addition, Giangarra assigned to the plaintiff all rights to any designs, models and inventions developed in the course of rendering services to the plaintiff or developed with the use of the plaintiff's materials or facilities, and agreed not to disclose any information developed under the agreement without the plaintiff's prior written consent.
On October 31, 1991, the defendants filed a motion for a protective order pursuant to Practice Book, Sec. 221(1), (4) and/or (7), prohibiting the plaintiff from obtaining material requested by a subpoena duces tecum. The subpoena seeks all CT Page 3748 documents that will show any and all efforts on the part of the defendants to manufacture and/or market the multiplate test mask and/or a KLA photo tooling mask during the period from March 22, 1990 to the present, all documents and correspondence which evidence the existence of the multiplate test mask and/or a KLA photo/tooling mask prior to March 22, 1990, and all documents evidencing any income received by the defendants during the period of March 22, 1989 to the present. As a result, the defendants assert that the material sought to be discovered by the plaintiff is beyond the scope of discovery, is not relevant, is not likely to lead to the discovery of admissible evidence, and outside of the disclosure provisions set forth in Practice Book, Secs. 218 and 221(7), and the material is confidential research and development information.
On March 27, 1992, the plaintiff filed a motion to enforce the subpoena, and on February 2, 1993, the plaintiff filed a memorandum of law in support of the motion to enforce the subpoena.
In the present case, the plaintiff seeks a protective order prohibiting the plaintiff from obtaining material involving alleged trade secrets. The purpose of a protective order is to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Practice Book, Sec. 221. According to Practice Book, Sec. 221(7), the court may order, for good cause, that trade secrets, confidential matters, or commercial information not be disclosed or be disclosed only in a designated manner. Practice Book, Sec. 218 provides that "[i]n any civil action . . . a party may obtain . . . information . . . or documents . . . which are not privileged . . . and which are within the knowledge, possession or power of the party to whom the discovery is addressed." However, "[i]t appears that Connecticut law does not address whether trade secrets constitute privileged information that is beyond the scope of discovery." Microtech International, Inc. v. Fair, Judicial District of New Haven, Docket No. 32 83 08 (September 18, 1992, Hadden, J.). Therefore, since Practice Book, Sec. 221 is virtually identical to Federal Rule of Civil Procedure26(c), federal case law is an appropriate authority when deciding motions for protective orders. Associated Const. Co., Inc. v. City of Milford, 4 CSCR 130 (December 28, 1988, Kulawiz, J.). CT Page 3749
According to federal law, "[i]t is well established that trade secrets are not absolutely privileged from discovery in litigation." (Citation omitted.) Coca-Cola Bottling Co. v. Coca-Cola Co., 107 F.R.D. 288, 292 (D. Del. 1985). See Federal Open Market Committee v. Merrill, 443 U.S. 340, 362
n. 24, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979). "In order to show that certain designated information should be protected under Rule 26(c) this court requires the party seeking such a protective order to show: (1) that the information rises to the level of a trade secret, [citation omitted]; and (2) that there is good cause to protect the information, [citation omitted]." Turick By Turick v. Yamaha Motor Corp., USA, 121 F.R.D. 32, 35 (S.D.N.Y. 1988).
 The factors used to determine whether given information is a trade secret include the extent to which the information is known outside the business and by employees and others involved in the business, the measures taken by the employer to guard the secrecy of the information, the information's value to the employer and to competitors, the resources the employer expends in developing the information, and the ease or difficulty with which the information could be properly acquired or duplicated by others. (Citations omitted.)
Robert S. Weiss Associates, Inc. v. Wiederlight,208 Conn. 525, 538, 546 A.2d 216 (1988). "[T]o show good cause a party must `demonstrate that disclosure of allegedly confidential information will work a clearly defined and very serious injury to his business.'" (Citation omitted.) (Emphasis in original.) Turick By Turick v. Yamaha Motor Corp., USA, supra, 35. "Whether or not `good cause' exists for entry of such an order must depend on the facts and circumstances of a particular case." Mompoint v. Lotus Development Corp., 110 F.R.D. 414, 417 (D. Mass. 1986).
If the moving party satisfies this burden, "`the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action.'" (Citation omitted.) Coca-Cola Bottling Co. v. Coca-Cola Co., supra, 292. "When disclosure of trade secrets is sought during discovery, the governing relevance standard that the movant must satisfy is the broad relevance standard CT Page 3750 applicable to pre-trial discovery, i.e., the movant must show that the material sought is relevant to the subject matter of the lawsuit." (Citations omitted.). Id., 293. In Connecticut, protective orders have been granted where the information sought is not material to the subject matter of the suit; Hardisty v. Zoning Commission of the Town of Woodbury, 2 CSCR 433 (March 10, 1987, Gill, J.); and denied where the information sought is material. Surf Village Recreation Corp. v. City of Milford, 6 CSCR 910 (Super.Ct. 1991). In addition, "[t]he level of necessity that must be shown is that the information must be necessary for the movant to prepare its case for trial, which includes proving its theories and rebutting its opponent's theories." (Citations omitted.) Coca-Cola Bottling Co. v. Coca-Cola Co., supra, 293.
In the present case, the plaintiff is seeking to recover damages caused by the appropriation of confidential proprietary information allegedly acquired by the defendant while in the employ of the plaintiff. On the other hand, the defendants assert that the information was developed by Giangarra prior to the commencement of the employment relationship with the plaintiff and, therefore, the information is not the plaintiff's proprietary information, but the defendants' trade secret. Therefore, it is clear that the critical issue is whether Giangarra developed the tooling mask prior to executing the agreement on March 22, 1990. Consistent with this factual issue, the plaintiff served a subpoena seeking to discover documents evidencing when the defendant developed the tooling mask. Accordingly, it is found that the information sought is relevant and necessary to the subject matter of the present case.
However, "[o]nce relevancy and need have been established, the Court must balance the need for the information against the injury that would ensue if disclosure is ordered." (Citations omitted.) Coca-Cola Bottling Co. v. Coca-Cola Co., supra. "The balance between the need for information and the need for protection against the injury caused by disclosure is tilted in favor of disclosure once relevance and necessity have been shown. As the Supreme Court has recognized, `orders forbidding any disclosure of trade secrets or confidential commercial information are rare.'" Id., quoting Federal Open Market Committee v. Merrill, 443 U.S. 340, 362 n. 24, 99 S.Ct. 2800, 61 L.Ed.2d CT Page 3751 587 (1979). In addition, "[a] survey of the relevant case law reveals that discovery is virtually always ordered once the movant has established that the secret information is relevant and necessary." (Citations omitted.) Coca-Cola Bottling Co. v. Coca-Cola Co., supra.
 It is true that the result may be to compel the defendant to disclose [trade secrets], and that that may damage the defendant . . . That is, however, an inevitable incident to any inquiry in such a case; unless the defendant may be made to answer, the plaintiff is deprived of its right to learn whether the defendant has done it a wrong.
Id. (Citation omitted.) (Emphasis added.)
In the subpoena, the plaintiff seeks all documents, including trade formulas, for a product that the plaintiff concedes may revolutionize the industry. As a result, it is found that the defendants may suffer injury if the defendant is forced to produce the documents. However, the plaintiff only seeks those documents and correspondence that evidence the existence of the mask prior to March 22, 1990, the date the parties entered into the agreement. "The extent of discovery and use of protective orders is clearly within the discretion of the trial judge. Hardisty v. Zoning Commission of the Town of Woodbury, [supra];" Carrier Corp. v. Home Insurance Co., Judicial District of Hartford, Docket Number 35 23 83 (February 11, 1992, Schaller, J.). "The granting or denial of discovery request rests in the sound discretion of the court." Standard Tallow Corporation v. Jowdy, 190 Conn. 48,57, 459 A.2d 503 (1983). "The court's discretion applies to the decisions concerning whether the information is material, privileged, substantially more available to the disclosing party, or within the disclosing party's knowledge, possession or power, as stated in [Practice Book] Sec. 218." Id., 59-60. In addition "[i]t is within the sound discretion of the trial court to decide whether trade secrets are relevant and whether the need outweighs the harm of disclosure. Likewise, if the trade secrets are deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion." Centurion Industries, Inc. v. Warren Steurer, Etc., 665 F.2d 323,326 (10th Cir. 1981). CT Page 3752
Accordingly, since the defendants may suffer injury, it is found that the court has the discretion to limit and does limit the plaintiff's subpoena to those documents, which may not include those documents setting forth the trade formula, that evidence when Giangarra developed the tooling mask.
McGrath, J.