[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER FACTUAL BACKGROUND
The plaintiffs, Stephanie Michaels, Michael Michaels, Sr., Michael Michaels, Jr. and Christopher Michaels filed a revised complaint on January 15, 1993 alleging medical malpractice against the defendants, Howard P. Kahn, Ph.D., Alan P. Towbin, Ph.D. and John M. Rakusin, Ph.D. The defendant Kahn's deposition will be taken very shortly and on January 25, 1994, the defendant filed a motion for protective order relative to the scope of inquiry at his deposition. The plaintiffs filed an objection to the defendant's motion for protective order and a memorandum in support of their objection on February 19, 1994. The defendant's Motion For Protective Order was argued at short calendar on February 22, 1994.
DISCUSSION
"The extent of discovery and use of protective orders is clearly within the discretion of the trial judge." Hardistry v. Zoning Commission of the Town of Woodbury, 2 CSCR 433 (March 10, 1987, Gill, J.) (citing Chemical and Industrial Corp. v. Druffel,301 F.2d 126, 129 (6th Cir. 1962). "In ruling, the court should consider that the purpose of discovery `is to assist as to material things in the administration of justice.'" Hardistry, supra (quoting Lamar v. St. Mary's Hospital Corporation, 31 Conn. Sup. 335,336 (1974). Protective orders are granted where the information sought is not material to the subject matter of the suit. Hardistry, supra. "The party seeking to bar a deposition must make a threshold showing that there is `good cause' that the protective order issue." Associated Constr. Co., Inc. v. City of Milford, 4 CSCR 130 (December 28, 1988, Kulawiz, J.). CT Page 2124
The defendant argues that any inquiry into the consent order or events leading up to the consent order would violate the doctor/patient privilege. General Statutes 52-146c(b) states in pertinent part:
 Except as provided in subsection (c) of this section all communications shall be privileged and a psychologist shall not disclose any such communications unless the person or his authorized representative consents to waived the privilege and allow such disclosure.
General Statutes 52-146e states in pertinent part:
 All communications and records as defined in section 52-146d shall be confidential and shall be subject to the provisions of sections 52-146d to 52-146j, inclusive. Except as provided in sections 52-146f to 52-146i, inclusive, no person may disclose or transmit any communications and records or the substance or any part of any resume thereof which identify a patient to any person, corporation or governmental agency without the consent of the patient or his authorized representative.
In the present case, the defendant agreed to consult with psychiatrists or psychologists pursuant to a consent decree. The consent decree was issued as a result of an investigation into Kahn's relationship with a patient other than the plaintiffs.
Based on the foregoing authority and statutes, any inquiry into the defendant Kahn's relationship as a patient with any psychiatrist or psychologist with whom he consulted under the terms of the consent decree is precluded. Similarly, any inquiry into Kahn's relationship with any other patient (other than the plaintiffs), or to the extent that inquiry into the facts leading up to the consent decree involve his relationship with any other patients (other than the plaintiffs) is precluded.
The defendant's Motion For Protective Order is granted. CT Page 2125
So ordered.
Michael Hartmere, Judge